FILED
United States Court of Appeals
Tenth Circuit

April 1, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BOBBY BRUCE WHITE,

Petitioner - Appellant,

v.

RAY ROBERTS; DEREK SCHMIDT,

Respondents - Appellees.

No. 14-3189
(D.C. No. 5:13-CV-03126-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Bobby Bruce White was convicted by a Kansas jury of first degree murder. He is currently serving a life sentence. Proceeding pro se, White seeks a certificate of appealability (COA) to challenge the district court's dismissal of his habeas petition brought under 28 U.S.C. § 2254 as untimely.[1] We reject White's argument that he is entitled to equitable tolling. Exercising jurisdiction under 28 U.S.C. § 2253, we deny his COA request and dismiss this matter.

---

[*]    This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    Because White proceeds pro se, we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I. Background

White was convicted of first degree murder on retrial in 2005. On June 22, 2007, the Kansas Supreme Court affirmed the conviction on direct appeal. On May 19, 2008, White filed a post-conviction action in state court. The state court denied relief on June 5, 2009, and on February 4, 2011, the Kansas Court of Appeals affirmed that decision. On March 1, 2011, White filed a motion for review in the Kansas Supreme Court. That court denied review on April 25, 2011. White filed for federal habeas relief under 28 U.S.C. § 2254 on July 18, 2013. The district court determined the petition was time barred. Finally, the court denied White's request for a COA.

## II. Discussion

### A. The Requirement of a COA

A COA is a jurisdictional prerequisite to this court's review of a § 2254 petition. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To receive a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In cases where the district court denies a habeas petition on procedural grounds, such as untimeliness, a COA will issue only when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

## B. AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes that a state prisoner has a one-year period from the date his conviction becomes final in which to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). White's conviction became final on June 22, 2007, and the limitation period began to run ninety days later, on September 20, 2007, when his time for seeking review in the United States Supreme Court expired. *See id*. § 2244(d)(1)(A). By the time White filed his motion for post-conviction relief in state court, 242 days had elapsed. But the limitation period was tolled from May 19, 2008 (when White filed his state post-conviction motion) until April 25, 2011, when the Kansas Supreme Court denied review. *See id*. § 2244(d)(2). The limitation period expired 123 days later, on August 11, 2011. *See id*. § 2244(d)(1). White filed his federal habeas application nearly two years later on July 18, 2013.[2]

## C. Equitable Tolling

It is undisputed that White's habeas application was filed outside the one-year limitations period for habeas relief. However, White maintains that equitable tolling

---

[2] White maintains July 3, 2013 should be considered the "correct" filing date because of problems getting the application filed. Whether the "correct" date is July 3 or July 18 does not matter because in either instance the petition was filed nearly two years after the limitation period expired.

should apply, allowing him to proceed despite his untimeliness. *See, e.g., Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding "that § 2244(d) is subject to equitable tolling in appropriate cases"). Only "rare and exceptional circumstances" permit the equitable tolling of AEDPA's one-year statute of limitations. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted). This requires an inmate to "diligently pursue[] his claims and demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). "An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (brackets and internal quotation marks omitted). To satisfy this burden, the prisoner must "allege with specificity the steps he took to diligently pursue his federal claims." *Id*. at 930 (internal quotation marks omitted). "We review for abuse of discretion a district court's decision to grant or deny equitable tolling." *Al-Yousif v. Trani*, ___ F.3d ___, 2015 WL 968432, *4 (10th Cir. Mar. 6, 2015).

White asks us to consider two different theories. The first assumes that the operative statutory deadline was August 11, 2011, for the reasons we have described above. Using this date as the deadline, White argues that the time spent in segregation and/or isolation prevented him from filing a timely application. As part of the first theory, White also argues for the first time on appeal, that he was "deemed incompetent" and this period of incompetency tolled the statute of

- 4 -

limitations. Aplt. Opening Br. at 19. The second theory assumes that after White filed his motion for post-conviction relief, the remaining 123 days of the limitation period did not begin to run again until late June 2013, when White says he first learned that the Kansas Supreme Court denied his petition for review. White cannot prevail under either theory.

### 1. August 11, 2011 Deadline

Using August 11, 2011 as the operative deadline, White maintained in the district court that time spent in segregation and/or isolation delayed his filing. He stated only that he was "at the Larned State Hospital [from] approximately [July 2007] until around February 2012," R. at 28, but never explained the circumstances. It was not until his opening brief in this court that White argued for the first time that he "was deemed incompetent on July 14, 2007 . . . and accepted as a patient in a state mental hospital; therefore . . . all time [spent in the state mental hospital] should be stopped and tolled until the doctors found me mentally fit and released me back to . . . [traditional] custody." Aplt. Opening Br. at 19. Although White did not mention "incompetence" as grounds for equitable tolling in the district court, we deem his general allegation of time spent in the Larned State Hospital sufficient (barely) to have preserved the issue for appellate review. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that pro se filings should be construed liberally).

"Equitable tolling of a limitations period based on mental incapacity is warranted only in 'exceptional circumstances' that may include *an adjudication of incompetence*, institutionalization for mental incapacity, or evidence that the individual is not 'capable of pursuing his own claim' because of mental incapacity." *Reupert v. Workman*, 45 F. App'x 852, 854 (10th Cir. 2002) (emphasis added) (quoting *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996)).

Although White states that he was "deemed incompetent," on July 14, 2007 and did not regain competency until February 2012, Aplt. Opening Br. at 19, there is no such evidence in the record. Further, there is little, if any, information as to what condition or conditions caused White to be hospitalized, let alone any evidence of mental incompetence.

What evidence does exist disproves mental incompetence during the relevant time period. For example, on July 12, 2007, White filed suit under 42 U.S.C. § 1983. He prosecuted the case pro se until January 2011 when the district court appointed counsel to represent him at the upcoming trial. *See* Docket, *White v. Werholtz*, No. 5:07-cv-03182-CM (D. Kan.). More to the point, White's generalized allegation of incompetence is wholly inadequate to sustain his burden "to show specific facts to support his claim of extraordinary circumstances." *Yang*, 525 F.3d at 928 (internal quotation marks omitted). As to time spent in segregation and/or isolation, White's averments demonstrate that these instances occurred *after* the limitation period ran on August 11, 2011. *See* Aplt. Opening Br. at 20-21.

## 2. June 2013 Deadline

Under this theory, White argues that he did not receive notice that the Kansas Supreme Court had denied his petition for review until late June 2013. At that point, he sprang into action and filed his habeas application shortly thereafter.

The record contains a copy of the letter that White's lawyer wrote to him on April 28, 2011, advising him that the petition for review had been denied. In the letter, the attorney also advised White that "[t]he statute of limitations for federal filings are very short." R. at 145. However, White says he never received the letter. He does allege that "from February 2012 to August 2012, [he made] numerous attempts . . . to contact [his attorney] but got no response returned, so during this time[] [he] spent it filing for a clemency request to the governor of Kansas . . . which [was] filed in approximately April of 2012." *Id*. at 253.

In June 2013, more than a year after filing his clemency request, White asked a relative to send a letter to the attorney inquiring about the status of his petition for review. *See id*. In response White received a letter dated June 24 that states: "Enclosed please find a copy of the letter that was sent to you in April, 2011 informing you that your petition for review by the Kansas Supreme Court had been denied. Unfortunately, this will likely put you outside of the federal time limits." *Id*. at 144.[3]

---

[3]     The remainder of this letter is blacked out.

Assuming for argument that the delayed notice constitutes extraordinary circumstances, the question is whether White was diligent. "The diligence required for equitable tolling purposes is reasonable diligence." *Holland*, 560 U.S. at 653 (internal quotation marks omitted). We agree with the district court's conclusion that White failed to "persuasively allege diligence." R. at 312. Among other things, the court noted that White "does not explain whether he made any effort to contact the Kansas Supreme Court for information on the status of his case, does not provide a detailed explanation of his efforts to contact his counsel, and states only that in the absence of a reply from counsel, he filed a petition for clemency." *Id.* We also note that White waited until June 2013 to ask a relative to contact the allegedly non-responsive attorney. The district court did not abuse its discretion to deny equitable tolling.

### III. Conclusion

We conclude that White has failed to demonstrate that jurists of reason would find debatable the district court's conclusion that his § 2254 petition is time-barred and not subject to equitable tolling. We therefore deny White's application for a COA and dismiss this matter.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge