NOT DESIGNATED FOR PUBLICATION

No. 116,684

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BOBBY BRUCE WHITE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; MICHAEL E. WARD, judge. Opinion filed October 27, 2017.
Affirmed.

*Bobby Bruce White*, appellant pro se.

*Joseph M. Penney*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MCANANY and ATCHESON, JJ.

PER CURIAM: Bobby Bruce White appeals from the Butler County District Court's denial of his successive habeas corpus challenge to his conviction for the premediated murder of his son-in-law—the stepfather to his grandson. Throughout the judicial proceedings, White has never disputed he drove to the store where Aaron Ruboyianes worked in March 2002 and shot and killed him there. White disclaimed any memory of specifically planning the killing and of the shooting itself. But he has always contended he acted to protect his then-six-year-old grandson from Ruboyianes, who he believed had been sexually abusing the child.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2003, a jury convicted White of intentional first-degree murder. The Kansas Supreme Court reversed the conviction because the district court excluded White's psychological expert as a witness. The expert would have testified White suffered from depression and was psychologically impaired in ways that had a bearing on his capacity to form the required mental intent to commit a premeditated murder. *State v. White*, 279 Kan. 326, 341, 109 P.3d 1199 (2005) (*White I*). In a retrial, a second jury heard White's expert witness along with the other evidence. White was again convicted of intentional first-degree murder. The Kansas Supreme Court affirmed that conviction. *State v. White*, 284 Kan. 333, 335, 161 P.3d 208 (2007) (*White II*). The opinions in *White I* and *White II* contain fuller accounts of the underlying crime and the trial proceedings than are necessary to address the issue in this appeal. We, of course, have considered the full record in the criminal case but dispense with reciting what is available in those published opinions.

After his appeal in *White II*, White filed a habeas corpus motion, as provided in K.S.A. 60-1507, raising purported constitutional defects in the second jury trial.[*] The district court appointed a lawyer to represent White and, after hearing argument on the motion, denied White any relief. White appealed that ruling to this court. A panel of this court affirmed the district court. *White v. State*, No. 103,212, 2011 WL 428656, at *6 (Kan. App. 2011) (unpublished opinion) (*White III*). White filed a federal action for habeas corpus relief under 18 U.S.C. § 2254 (2012), without success. *White v. Roberts*, 605 Fed. Appx. 731, 735 (10th Cir. 2015) (unpublished opinion) (*White IV*).

[*]White filed a 60-1507 motion while the Kansas Supreme Court was considering his direct appeal in *White II*. Such a motion is procedurally improper during the pendency of a direct appeal, and this court dismissed that 60-1507 motion by order. See Supreme

2

Court Rule 183(c)(2) (2017 Kan. S. Ct. R. 222) (motion may not be filed while direct appeal of conviction pending).

In July 2016, White brought his legal fight back to the Butler County District Court by filing another 60-1507 motion attacking his conviction. The district court summarily denied the motion as untimely and successive. White has appealed the denial, and that is what we have in front of us. White has represented himself in both the district court and on appeal in this proceeding.

LEGAL ANALYSIS

Upon receiving a 60-1507 motion, a district court has three options. The district court can dismiss the motion without a hearing after reviewing it and the record in the criminal case. *Bellamy v. State*, 285 Kan. 346, 353, 172 P.3d 10 (2007). If "a motion . . . presents a substantial question of law or triable issue of fact, the court must appoint" a lawyer to represent an indigent movant. Supreme Court Rule 183(i) (2017 Kan. S. Ct. R. 224). After appointing a lawyer, the district court then has two choices. The district court may conduct a preliminary hearing during which lawyers for the State and for the movant present legal argument and otherwise address whether the circumstances call for a full evidentiary hearing, or it may simply hold a full hearing. *Bellamy*, 285 Kan. at 354. If a district court dismisses a 60-1507 motion on the papers without a hearing, as happened here, the appellate courts review that determination anew and without any deference. 285 Kan. at 354.

A person subject to a criminal sentence may challenge the legal sufficiency of that punishment through a 60-1507 motion after exhausting appeals in the direct criminal case. K.S.A. 2016 Supp. 60-1507(a). There are, however, procedural limitations on the relief available through K.S.A. 2016 Supp. 60-1507. First, the motion cannot be used as a substitute for a direct appeal, so issues that were or could have been presented during that process typically cannot be raised in a 60-1507 motion absent exceptional circumstances.

3

*State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 (2011). Constitutionally inadequate legal representation may provide such a circumstance. See *Bledsoe v. State*, 283 Kan. 81, 88-89, 150 P.3d 868 (2007). Second, a convicted criminal is expected to raise all of his or her claims in a single 60-1507 motion. The courts, then, typically need not deal with serial or successive challenges addressing different aspects of the same criminal prosecution. K.S.A. 2016 Supp. 60-1507(c); *Kelly*, 291 Kan. at 872. Finally, K.S.A. 2016 Supp. 60-1507(f)(1) requires a convicted criminal to file a motion no later than one year after appellate jurisdiction over any actual or potential direct appeal ends. A movant may avoid the time bar if doing so will "prevent a manifest injustice." K.S.A. 2016 Supp. 60-1507(f)(2). The Legislature amended K.S.A. 60-1507(f)(2) in 2016 to confine manifest injustice to those circumstances in which the convicted criminal can show either a compelling reason for missing the one-year deadline or a "colorable claim of actual innocence," meaning new evidence makes it "more likely than not that no reasonable juror would have convicted." K.S.A. 2016 Supp. 60-1507(f)(2)(A). The amendment went into effect before White filed his current 60-1507 motion, so we apply the amended version of the statute.

White filed this 60-1507 motion about eight years after the time limitation in K.S.A. 2016 Supp. 60-1507(f)(1) expired, and the motion is plainly successive to the one adjudicated in *White III*. In his motion and again on appeal, White has painstakingly explained why he believes he should have been found not guilty and how his lawyers, for the most part, failed to adequately represent him. But the latest rendition adds nothing of legal or factual substance to what has already been presented to the courts either in the direct criminal case or the earlier habeas corpus proceedings. The claims do not provide any basis for setting aside White's conviction at this point.

For example, White and his wife had been the legal guardians and had custody of their grandson. After their daughter married Ruboyianes, she petitioned to have the guardianship dissolved. The district court granted the request. White has contended that

4

decision violated his constitutional rights as a grandparent and set in motion the circumstances resulting in the alleged sexual abuse of his grandson. Those contentions, even if true, provide no recognized basis for setting aside the murder conviction. Similarly, White has consistently faulted various law enforcement and social service agencies for failing to adequately investigate Ruboyianes' treatment of the child. White has tried to fashion that failure into a defense of necessity for his killing of Ruboyianes. But necessity doesn't present a legally cognizable defense under the circumstances. See *State v. Roeder*, 300 Kan. 901, 915-19, 336 P.3d 831 (2014), *cert. denied* 135 S. Ct. 2316 (2015). White has always asserted he saw photographs confirming Ruboyianes' abuse and has blamed law enforcement and his lawyers for not locating them. But White has never found them or corroborated their existence as a way of supporting his habeas corpus motions.

What comes through in this motion and the appeal is White's genuine belief that both he and his grandson have been grossly mistreated in the judicial process. And White's equally genuine belief he was justified in killing Ruboyianes. What we don't have are legal grounds to find White's conviction infirm. The arguments he has presented to us largely replicate what he has already argued. To the extent there is some variation, White has not shown why those variations could not have been presented earlier. Nor has White come forward with any new evidence in support of this motion, let alone evidence that would cause reasonable jurors to be persuaded to render a not guilty verdict.

For those reasons, the district court correctly denied White's present 60-1507 motion as untimely.

White's current motion is also impermissibly successive for basically the same reasons. A district court may consider a successive 60-1507 motion for "exceptional circumstances," entailing "unusual events" or material changes in the substantive law. See *Kelly*, 291 Kan. at 872. In turn, as we have said, an unusual event for purposes of a

5

60-1507 motion typically will involve substandard legal representation resulting in actual prejudice. White has not cited a recent change in the law that would make any difference in the prosecution of the murder charge. And the inadequate lawyering White alleges principally goes back to the criminal trials and the guardianship dispute—all of which he did raise or could have raised in his previous habeas corpus proceedings. To the extent the purportedly inadequate representation spilled over into *White III*, he has not pointed to any actual prejudice. In short, White has not presented even arguable grounds supporting a successive motion. That furnishes a second and independent basis for affirming the district court.

Affirmed.