NOT DESIGNATED FOR PUBLICATION

No. 112,574

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CALVIN R. BROWN,
*Appellee*,

v.

STATE OF KANSAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed January 15, 2016. Affirmed.

*Janine Cox*, of Kansas Appellate Defender Office, for appellant.

*Edmond Brancart*, chief deputy district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., MCANANY and BUSER, JJ.

BUSER, J.: Calvin R. Brown appeals the summary denial of his pro se K.S.A. 60-1507 motion. Because Brown's motion was untimely and he has made no showing of manifest injustice to warrant consideration of his motion out of time, we affirm the district court's summary denial.

FACTUAL AND PROCEDURAL BACKGROUND

Brown's direct appeal is reported at *State v. Brown*, 291 Kan. 646, 244 P.3d 267 (2011). The district court imposed a hard 25 life sentence for attempted aggravated

1

indecent liberties with a child and a concurrent grid sentence for aggravated indecent solicitation. The trial record did not establish that Brown was 18 years of age or older, however, so our Supreme Court reversed the hard 25 sentence and remanded "for resentencing on the sentencing grid." 291 Kan. at 664.

On March 22, 2011, the district court resentenced Brown to a 60-month aggravated grid sentence for the attempted aggravated indecent liberties conviction, but it ran this sentence consecutive to the grid sentence for the aggravated indecent solicitation conviction, which it also increased from the standard 32-month term to the aggravated 34-month term. Brown did not appeal. Subsequently, however, Brown filed a pro se motion to correct illegal sentence claiming vindictive sentencing, and he also filed two pro se motions to correct the sentencing journal entry regarding postrelease supervision. The district court denied the motions and, once again, Brown did not appeal.

About 3 years after resentencing, on March 26, 2014, Brown filed a K.S.A. 60-1507 motion that is the subject of this appeal. Brown claimed ineffective assistance of counsel at resentencing in very general terms. Brown alleged, for example, that his counsel "failed to litigate [standards] such as [the] 'mid range' number in the grid box, and settled for the high range or [aggravated] range on the sentencing grid."

The district court did not appoint counsel or conduct an evidentiary hearing. Instead, it held the K.S.A. 60-1507 motion was untimely under both K.S.A. 60-1507(f) and K.S.A. 2014 Supp. 60-260. The district court also found "no evidence to suggest that [Brown] received incompetent or ineffective assistance of counsel at any point in the proceedings against him."

2

On a summary denial of a K.S.A. 60-1507 motion, "the district court reviews the motion, records, and files of the case and reaches a decision without conducting a hearing." *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007). Summary denial is warranted if the motion, records, and files of the case conclusively show the movant is not entitled to relief. 285 Kan. at 353. Since we have "the same access to the motion, records, and files as the district court," our review is de novo. 285 Kan. at 354.

On appeal, Brown contends the district court erroneously cited K.S.A. 2014 Supp. 60-260 when holding that his motion was untimely. The State concedes the point, but it argues the district court's other basis for finding the motion untimely, K.S.A. 60-1507(f), is sufficient. We agree that K.S.A. 2014 Supp. 60-260 is inapplicable to this timeliness issue. We will, however, consider the other basis cited by the district court—the 1-year time limitation found in K.S.A. 60-1507(f).

Since Brown did not file his K.S.A. 60-1507 motion within 1 year of the termination of appellate jurisdiction over his resentencing, the district court could consider the motion only to prevent a manifest injustice. K.S.A. 60-1507(f)(1)-(2). As set forth in *State v. Vontress*, courts should consider three factors:

> "whether (1) the movant provides persuasive reasons or circumstances that prevented him
> or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of
> the movant's claim raise substantial issues of law or fact deserving of the district court's
> consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.*,
> factual, not legal, innocence." 299 Kan. 607, 616, 325 P.3d 1114 (2014).

Our Supreme Court has also pointed out: "[B]ecause the burden is on the movant in a 60-1507 action, failing to plead excuses for the filing delay may result in a greater risk that the movant's claim will be dismissed as untimely." *Vontress*, 299 Kan. at 617.

Addressing the first factor of the *Vontress* test, in his motion before the district court, Brown did not plead reasons or circumstances that prevented him from filing his motion in a timely manner. On appeal, once again, Brown fails to argue any reasons or circumstances justifying his delay. He simply argues that the district court should not have decided the manifest injustice issue without appointing counsel and holding a hearing. Brown bears the burden of proof, and his failure to explain why he could not file his K.S.A. 60-1507 motion within the 1-year time limitation of K.S.A. 60-1507(f) weighs against a finding of manifest injustice.

Next, we consider the second factor of the *Vontress* test, whether the merits of the movant's claim raise substantial issues of law or fact. Brown's arguments do not show a substantial issue of law deserving of the district court's consideration. He raises conclusory complaints about his counsel's purported failures during the resentencing hearing and expresses his displeasure at the ultimate sentences imposed by the district court. But by statute, the district court had "discretion to sentence at any place within the sentencing range." K.S.A. 21-4704(e)(1). Brown further did not link the district court's decision to impose the aggravated sentences to any ineffective assistance by his counsel. Brown also complains that "there was no evidence to support" the aggravated sentences, but the same district judge who presided over the jury trial and personally considered the evidence also presided over the resentencing. The facts of Brown's two sex crimes with a child, as recounted in *State v. Brown*, 291 Kan. at 647-49, certainly provide some evidence to support Brown's aggravated sentences, and we can discern no strategy by Brown's attorney that would have changed the significance of those facts.

Moreover, when asked on the K.S.A. 60-1507 form to "[s]tate concisely and in the same order the facts which support each of the grounds . . . and the names and addresses of the witnesses or other evidence upon which you intend to rely to prove such facts," Brown left the blanks empty. Brown now asks for an evidentiary hearing, but to warrant one he had to ""state an evidentiary basis in support of the claims or an evidentiary basis

4

must appear in the record."'" *Edgar v. State*, 294 Kan. 828, 836, 283 P.3d 152 (2012). Brown clearly failed to state an evidentiary basis below, and we further agree with the district court that an evidentiary basis does not appear in the record. Having reviewed Brown's motion, we discern no substantial issues of law or fact.

With regard to the third *Vontress* factor, Brown alleged below that "[w]hile . . . held in custody, he professed his innocence and was appointed a public defender to represent him." Even if such assertions could be read as claims of actual innocence, Brown does not argue actual innocence on appeal. See *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013) (issues not briefed are deemed waived or abandoned). For all of these reasons, Brown does not show that manifest injustice supported consideration of his untimely K.S.A. 60-1507 motion.

Affirmed.