No. 45,265

EARL WHITE, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(443 P. 2d 182)

Opinion filed July 13, 1968.

*Maurice P. O'Keefe, Jr.,* of Atchison, argued the cause and was on the brief for the appellant.

*Robert D. Caplinger,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *F. Stannard Lentz,* Assistant County Attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: The petitioner, Earl White, has appealed from an order of the district court of Atchison County, denying his motion made pursuant to K. S. A. 60-1507, to set aside his plea of guilty to murder in the second degree and the sentence imposed thereunder of confinement at hard labor in the Kansas State Penitentiary for the term of his natural life.

The petitioner is hereafter referred to as the defendant.

On July 10, 1966, the defendant was arrested on a warrant issued out of the City Court of Atchison, charging him with murder in the first degree for the killing of Betty Jo White, his wife. Mr. Gerald Foley, a member of the Atchison County Bar, was appointed to represent him. Following a preliminary examination, the defendant was bound over for trial at the first term of the district court on the charge alleged against him. On a date not disclosed by the record, an information was filed in the district court charging the defendant with murder in the first degree.

On September 12, 1966, the defendant appeared in the district court in custody and with Mr. Charles S. Scott, of the Shawnee County Bar, an able and experienced lawyer in criminal matters, whom the defendant had previously retained. Counsel advised the court the defendant was not prepared to enter a plea, and orally moved the court for the appointment of a commission pursuant to K. S. A. 62-1531, to inquire into the sanity of the defendant. A commission was duly appointed, which examined the defendant and filed its written report that he was not insane and was able to comprehend his position and make his defense to the crime with which he was charged.

On September 19, 1966, the state appeared in court by the county attorney, Mr. William E. Stillings, and the defendant appeared personally and with his attorney, Mr. Scott. Counsel advised the court that the defendant had agreed to enter a plea of guilty to second degree murder. The court inquired of the county attorney whether such a plea would be acceptable to the state, and the court was advised in the affirmative. Thereafter, the defendant was duly arraigned on the charge of murder in the second degree to which the defendant stated he entered his "free and open plea" of guilty. Following allocution and after advising the defendant of the penalty of the offense of murder in the second degree and hearing statements of counsel on the defendant's behalf, the court sentenced the defendant to confinement at hard labor in the Kansas State Penitentiary for the term of his natural life.

On the following day, September 20, 1966, counsel for the defendant filed two motions, one to withdraw the plea of guilty and to enter a plea of not guilty to the charge of murder, and the second, to modify the sentence of life imprisonment imposed on the previous day. The first motion contained three main allegations which are summarized: (1) that the defendant's plea of guilty was induced

as a result of a promise made by the county attorney to counsel for the defendant that if the defendant would enter a plea of guilty to murder in the second degree, the county attorney would recommend a sentence for a term of years, which promise the county attorney failed to comply with; (2) that the defendant had a defense to the charge which he could have relied upon, and (3) that the defendant's plea of guilty to murder in the second degree was not freely and voluntarily made.

The motion further alleged the county attorney was not permitted to make his recommendation of a sentence for a term of years; that the defendant relied upon the agreement between his attorney and the county attorney and that had the defendant been aware or had it been indicated that a life sentence would be imposed, "no such agreement to enter a plea of guilty would have been consummated."

The second motion to modify the sentence incorporated the allegations of the motion to withdraw the defendant's plea of guilty and enter a plea of not guilty.

On October 27, 1966, the defendant's motions came regularly on for hearing, which consisted of statements of counsel for the defendant and of the county attorney. The court denied both motions.

Thereafter, the defendant *pro se* timely filed his notice of appeal to this court. The district court appointed Mr. Maurice P. O'Keefe, Jr., a member of the Atchison County Bar, to represent the defendant. During the pendency of the appeal, Mr. O'Keefe filed a motion to dismiss the appeal, which was sustained by this court, and the appeal was dismissed.

On a date not disclosed by the record, the defendant *pro se* filed a motion pursuant to K. S. A. 60-1507, to set aside the plea and sentence on the ground that his plea of guilty was entered pursuant to a promise made to his attorney by the county attorney outside the presence of the court, that if he would plead guilty to murder in the second degree, the county attorney would recommend that his sentence would be for a term of years, but that the "county attorney made a deal and back out," and that his plea of guilty did not constitute a voluntary plea. The defendant named four witnesses who would testify in support of his allegations.

Apparently upon the assumption that the factual allegations in the defendant's motion related primarily to purported occurrences outside the courtroom and upon which the record and files could cast no real light, the district court ordered that an evidentiary

hearing on the motion be had and also entered an order requiring the production of the defendant at the hearing. (K. S. A. 60-1507 [b].) The court appointed Mr. Maurice P. O'Keefe, Jr., to represent the defendant.

On June 19, 1967, the defendant's motion was heard by the district court. In preparing the record, counsel for the defendant did not include the journal entry of the hearing and this court ordered that a certified copy of the journal entry of that hearing be filed with this court. The journal entry indicates that the defendant and his counsel were present and that the state was represented by Mr. Robert D. Caplinger, county attorney; that the defendant presented evidence in support of the motion and rested; that the state waived the introduction of evidence and rested, and that following argument of counsel, the district court merely found and ordered, "that petitioner's motion filed herein should be denied."

We think the district court did not proceed in conformity with the provisions of Rule No. 121 (*j*) adopted by this court to supplement procedure under K. S. A. 60-1507. (197 Kan. LXXV.) The rule reads:

"JUDGMENT. The court shall make findings of fact and conclusions of law on all issues presented."

The requirement of findings of fact and conclusions of law provided in Rule No. 121 (*j*) is far from a technicality, and was adopted to insure that justice shall be administered according to facts and law. When a decision of a district court is accompanied by findings of fact, this court on appellate review can decide whether the decision reached by the court follows as a matter of law from the facts stated as its basis, and also whether the facts so stated have any substantial support in the evidence. In the absence of findings of fact, this court can determine neither of those things. In *Cities Service Gas Co. v. State Corporation Commission,* 201 Kan. 223, 440 P. 2d 660, it was said:

"No method of insuring against arbitrary action has yet been found, but the nearest approach to it is to require that findings of fact be made. When a conclusion must be buttressed by findings of fact for which there is supporting evidence, it becomes much more difficult to conceal arbitrary action . . ." (l. c. 231, 232.)

The district court and counsel are referred to *Tipton v. State,* 194 Kan. 705, 402 P. 2d 310, as an excellent example of the application of Rule No. 121 (*j*) by a district court in making full and

complete findings of fact and conclusions of law upon a petitioner's motion for relief under the provisions of K. S. A. 60-1507. *Tipton* is referred to only so far as it pertains to the full application of the provisions of the above rule and not to indicate what determination the district court should make upon a reconsideration of the record or of evidence produced at a further hearing, if deemed necessary by the court, with respect to the occurrences alleged to have taken place outside the presence of the court, which relate to the voluntary character of the defendant's plea of guilty to murder in the second degree.

The failure of the district court to follow the requirement of Rule No. 121 (*j*) requires a reversal of its order denying the defendant's motion, and this case is remanded with directions to the district court to make findings of fact and conclusions of law in accordance with Rule No. 121 (*j*) and to enter judgment in conformity therewith.

It is so ordered.