No. 94,365

ALEX L. BELLAMY, *Appellant*, v. STATE OF KANSAS, *Appellee.*
(172 P.3d 10)

Opinion filed December 7, 2007.

*Rick Kittel*, of Kansas Appellate Defender Office, of Topeka, argued the cause, and *Korey A. Kaul*, of the same office, was on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, argued the cause, and *Jeffrey E. Evans*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, were on the brief for the appellee.

The opinion of the court was delivered by

ROSEN, J.: Alex L. Bellamy petitioned this court to review the Court of Appeals' opinion affirming the denial of his K.S.A. 60-1507 motion. The district court dismissed Bellamy's motion without conducting an evidentiary hearing on Bellamy's claim that he received ineffective assistance of counsel. Bellamy asserts that the Court of Appeals applied an incorrect standard of review and seeks to have this matter remanded for an evidentiary hearing.

## FACTS

Alex Bellamy was charged with one count of rape for engaging in sexual intercourse with A.P., a 21-year-old woman who suffered from brain damage due to an illness during her infancy. A.P.'s brain damage caused physical and developmental disabilities which required her to attend special schools. Bellamy was charged alternatively with rape by force or fear, pursuant to K.S.A. 2001 Supp. 21-3502(a)(1)(A), and rape where the victim was incapable of giv-

ing consent due to mental deficiency or mental disease, pursuant to K.S.A. 2001 Supp. 21-3502(a)(1)(C). Bellamy pled guilty to rape based on A.P.'s incapacity to consent.

When Bellamy was 24 years old, he met A.P. while he was driving around and observed A.P. in her family's front yard. He decided to pull his car over and talk to her. After asking A.P.'s name and age, Bellamy asked A.P. if she wanted to go for a ride. A.P. asked her older brother for permission to go and then got in the car with Bellamy.

Bellamy took A.P. to his house. He and A.P. went to his bedroom and, after talking for a while, began kissing. Bellamy then repeatedly asked A.P. if she wanted to have sex with him. At first, A.P. said no, then she said maybe, and finally A.P. said yes because she thought Bellamy might hurt her. A.P. asked Bellamy to use a condom.

After having sexual intercourse with A.P., Bellamy drove A.P. home. A.P. told her mother where she had been and what had happened. Upon her mother's request, A.P. directed her mother to Bellamy's house. A.P.'s mother then called the police.

Bellamy entered into a plea agreement in which the State agreed to recommend probation as a dispositional departure rather than the presumptive prison sentence pursuant to Kansas sentencing guidelines. At Bellamy's sentencing hearing, Bellamy's counsel advised the court that Bellamy had undergone a psychological evaluation, which revealed that Bellamy also suffered from diminished mental capabilities and had been in special education classes throughout his schooling. Because students in special education classes were Bellamy's peers, Bellamy did not see people with intellectual or emotional impairment as abnormal. According to the psychological evaluation, it may have been asking too much of Bellamy to diagnose or appreciate a casual acquaintance as being mentally impaired. Based on this information, the district court sentenced Bellamy to an underlying prison term of 155 months but granted a dispositional departure and directed Bellamy to serve 36 months on probation. Bellamy did not appeal.

After Bellamy had been on probation for about a year and a half, he was charged with a probation violation for failure to maintain

employment, failing to report to his probation officer, making a false police report, and resisting arrest. Bellamy admitted the allegations, advising the court that he had loaned his car to the friend of a friend, who had not returned the car. Because Bellamy did not know who had borrowed his car, he reported it as stolen and told police that he had been carjacked. Without transportation, Bellamy was unable to get to work or to his appointments with his probation officer. When Bellamy admitted to police what had actually happened to his car, the police arrested him for making a false report. Based on this information, the district court revoked Bellamy's probation and ordered that his probation be reinstated after he served 60 days in jail. The court also extended his probation by 6 months.

A short time later, Bellamy was charged with violating his probation again. The second probation violation warrant alleged that Bellamy had failed a drug test. Bellamy admitted the allegation, explaining that he had been left homeless when he was released from serving the jail time ordered as part of his prior probation violation. Without a place to reside, Bellamy began living with a man who used drugs and had encouraged Bellamy to use drugs. Bellamy's counsel argued that Bellamy did not have a drug problem and would be successful on probation if he could get the appropriate support. However, the district court revoked Bellamy's probation and reinstated his prison sentence, modifying the term of imprisonment from 155 months to 147 months.

After attempting to appeal his conviction and sentence out of time, Bellamy filed a pro se 60-1507 motion alleging, among other things, that his trial counsel was ineffective. According to Bellamy, his attorney advised him that A.P. was legally incapable of giving consent because she had been in special education.

In response to Bellamy's 60-1507 motion, the district court appointed counsel to represent Bellamy and conducted a preliminary hearing. After hearing arguments from Bellamy's counsel and the State, the district court denied Bellamy's 60-1507 motion without an evidentiary hearing.

Bellamy appealed the denial of his 60-1507 motion to the Court of Appeals. In an unpublished opinion, *Bellamy v. State*, No.

94,365, filed September 29, 2006, the Court of Appeals affirmed the district court's denial, and Bellamy filed a petition for review. We granted Bellamy's petition for review to determine whether the Court of Appeals applied the proper standard of review and whether Bellamy should have received a full evidentiary hearing on his claim of ineffective assistance of counsel.

## ANALYSIS

Bellamy first argues that the Court of Appeals erroneously applied an abuse of discretion standard in its decision affirming the district court's denial of his 60-1507 motion. Relying on *Laymon v. State*, 280 Kan. 430, 436-38, 122 P.3d 326 (2005), Bellamy asserts that the proper standard of review is de novo because the appellate courts can review the motion, files and records in the same manner as the district court.

In *Laymon*, this court noted that prior cases have often stated the standard of review to be an abuse of discretion because the sentencing court has discretion to determine whether a 60-1507 claim is " 'substantial before granting a full evidentiary hearing and requiring the prisoner to be present.' " 280 Kan. at 436-37 (quoting Supreme Court Rule 183[h] [2004 Kan. Ct. R. Annot. 221]). Nevertheless, the *Laymon* court applied a de novo standard, reasoning:

"[T]o the extent a decision is based only upon the 'motion, files, and record' of a case, an appellate court is as equipped as a district court to decide the issues efficiently and reliably, and both this court and the Court of Appeals routinely engage in de novo review of summary denials of 60-1507 motions while giving lip service to the abuse of discretion standard. [Citation omitted.]" 280 Kan. at 437.

Bellamy asserts that our decision in *Laymon* is confusing because it does not explicitly overrule the prior case law applying an abuse of discretion standard. We note that Bellamy's assertion fails to recognize the limiting language used in applying the de novo standard in *Laymon* to those cases involving summary dismissal by the district court. Nevertheless, we are mindful of the inconsistency in the standard of review applied to 60-1507 motions and will clarify the confusion.

Our research reveals that Kansas appellate courts have applied three different standards in reviewing 60-1507 motions—abuse of

discretion, de novo, and findings of fact and conclusions of law. See, *e.g.*, *Flynn v. State*, 281 Kan. 1154, 1157, 136 P.3d 909 (2006) (applying a findings of fact and conclusions of law standard in concluding that the district court properly denied movant's claims of ineffective assistance of counsel); *Graham v. State*, 263 Kan. 742, 753, 952 P.2d 1266 (1998) (concluding that the district court's findings were not supported by substantial competent evidence, reversing the district court's order for a new trial, and remanding for a hearing on petitioner's sentence); *Taylor v. State*, 252 Kan. 98, 103, 843 P.2d 682 (1992) (affirming the denial of movant's claim that he was denied the right to testify due to ineffective assistance of counsel based on a findings of fact and conclusions of law standard); *Estes v. State*, 221 Kan. 412, 414, 559 P.2d 392 (1977) (upholding district court's summary denial of movant's motion based on an abuse of discretion standard); *Morrow v. State*, 219 Kan. 442, 548 P.2d 727 (1976) (applying a de novo standard without articulating a standard); *Johnson v. State*, 203 Kan. 947, 457 P.2d 181 (1969) (applying a de novo standard in concluding that movant's trial counsel was effective); *Sharp v. State*, 203 Kan. 937, 457 P.2d 14 (1969) (using a de novo standard in affirming the district court's denial of an evidentiary hearing on movant's claim that his guilty plea was coerced by ineffective counsel); *White v. State*, 201 Kan. 801, 443 P.2d 182 (1968) (using a findings of fact and conclusions of law standard in reviewing the district court's evidentiary hearing and remanding the matter to the district court for findings of fact and conclusions of law); *Brown v. State*, 196 Kan. 236, 240, 409 P.2d 772 (1966) (recognizing the rule giving the district court discretion to ascertain whether the claim was substantial before granting an evidentiary hearing but applying a de novo standard in determining that the movant should have received a full evidentiary hearing); *Webb v. State*, 195 Kan. 728, 735, 408 P.2d 662 (1965) (acknowledging the rule allowing discretion but applying a de novo standard and stating its conclusion as a findings of fact and conclusions of law standard); *Veronee v. State*, 193 Kan. 681, 396 P.2d 360 (1964) (applying a de novo standard to interpreting a sentence modification statute); *Upchurch v. State*, 36 Kan. App. 2d 488, 491-92, 141 P.3d 1175, *rev. denied* 282 Kan.

797 (2006) (reversing the district court's summary denial of movant's motion using an abuse of discretion standard); *Tomlin v. State*, 35 Kan. App. 2d 398, 400, 130 P.3d 1229, *rev. denied* 282 Kan. 796 (2006) (applying an abuse of discretion standard in affirming the summary dismissal of petitioner's claim of ineffective assistance of counsel); *Jenkins v. State*, 32 Kan. App. 2d 702, 703, 87 P.3d 983, *rev. denied* 278 Kan. 845 (2004) (noting that the district court conducted an evidentiary hearing on the motion and applying a findings of fact and conclusions of law standard in affirming the district court's denial of movant's claim that he received ineffective assistance of counsel); *Lewis v. State*, 33 Kan. App. 2d 634, 645, 111 P.3d 636, *rev. denied* 277 Kan. 924 (2003) (applying a findings of fact and conclusions of law standard in affirming the denial of movant's claim of ineffective assistance of counsel based on evidence from a hearing on the 1507 motion); *Gilkey v. State*, 31 Kan. App. 2d 77, 78, 82, 60 P.3d 351, *rev. denied* 275 Kan. 963 (2003) (applying an abuse of discretion standard in affirming the denial of movant's claim of ineffective assistance of counsel because the judge in the 1507 proceeding was also the judge in the criminal trial).

To determine the proper standard of review for 60-1507 motions, we must begin with the statute, which provides:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the county attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. The court may entertain and determine such motion without requiring the production of the prisoner at the hearing. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence said prisoner or grant a new trial or correct the sentence as may appear appropriate." K.S.A. 60-1507(b).

Supreme Court Rule 183 (2006 Kan. Ct. R. Annot. 228) provides additional guidance, stating in pertinent part:

"(f) Hearing. Unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief, the court shall notify the county

attorney and grant a prompt hearing. 'Prompt' means as soon as reasonably possible considering other urgent business of the court. All proceedings on the motion shall be recorded in a manner approved by the court.

. . . .

"(h) Presence of Prisoner. The prisoner should be produced at the hearing on a motion attacking a sentence where there are substantial issues of fact as to events in which the prisoner participated. The sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing and requiring the prisoner to be present."

Based on K.S.A. 60-1507 and Rule 183, the district court has three options for resolving a 60-1507 motion.

"First, it may determine that the motion, files, and records of the case conclusively show that the petitioner is entitled to no relief, in which case it will summarily deny the petitioner's motion. Second, the court may determine from the motion, files, and record that a substantial issue or issues are presented, requiring a full evidentiary hearing with the presence of the petitioner. Third, the court may determine that a potentially substantial issue or issues of fact are raised in the motion, supported by the files and record, and hold a preliminary hearing after appointment of counsel to determine whether in fact the issues in the motion are substantial." *Lujan v. State*, 270 Kan. 163, 170-71, 14 P.3d 424 (2000).

In each of these three options, the district court must make legal conclusions regarding whether (1) "the judgment was rendered without jurisdiction," (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack," or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 60-1507(b). Legal conclusions are reviewed using a de novo standard. *State v. Gary*, 282 Kan. 232, 236, 144 P.3d 634 (2006); *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004); *State v. Washington*, 275 Kan. 644, 660, 68 P.3d 134 (2003); *In re Hood*, 252 Kan. 689, 690, 847 P.2d 1300 (1993).

Even though the district court's legal conclusions are subject to an unlimited review, appellate courts do not reweigh evidence, pass on the credibility of witnesses, or resolve conflicts in the evidence. *State v. Hayden*, 281 Kan. 112, 132, 130 P.3d 24 (2006). Thus, the option employed by the district court in reaching its decision impacts the appellate court's standard of review.

### Summary dismissal

The first option involves a summary decision without conducting a hearing. Under this option, the district court reviews the motion, records, and files of the case and reaches a decision without conducting a hearing. We see no reason for the appellate court to give any deference to the district court's factual findings under this option because an appellate court has the same access to the motion, records, and files as the district court. See *Laymon*, 280 Kan. at 437. Thus, the standard of review for the summary dismissal of K.S.A. 60-1507 motions is de novo.

### Preliminary hearing

The second option gives the district court an opportunity to conduct a preliminary hearing after appointing counsel for the petitioner. At the preliminary hearing, the district court may admit limited evidence and consider arguments of counsel. The district court is required to issue findings of fact and conclusions of law. Rule 183(j). Because an appellate court must give deference to any factual findings made by the district court as a result of the hearing, it must apply a findings of fact and conclusions of law standard of review to determine whether the findings are supported by substantial competent evidence and whether those findings are sufficient to support its conclusions of law. See *Graham*, 263 Kan. at 753. Ultimately, the district court's legal conclusion regarding whether the movant has established that (1) "the judgment was rendered without jurisdiction," (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack," or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack" is reviewed as a conclusion of law using a de novo standard. K.S.A. 60-1507(b); see *Drach v. Bruce*, 281 Kan. 1058, 1063, 136 P.3d 390 (2006).

### Full evidentiary hearing

The third option involves a full evidentiary hearing by the district court. Under this option, the district court is required to make findings of fact and conclusions of law. Rule 183(j) (2006 Kan. Ct.

R. Annot. 227). An appellate court must give deference to the district court's findings of fact, accepting as true the evidence and any inferences that support or tend to support the district court's findings. *State v. Combs*, 280 Kan. 45, 47, 118 P.3d 1259 (2005); *Graham*, 263 Kan. at 753-54. As a result, the appropriate standard of review is findings of fact and conclusions of law. Under this standard, an appellate court must determine whether the district court's factual findings are supported by substantial competent evidence and whether those findings are sufficient to support the district court's conclusions of law. *Graham*, 263 Kan. at 753. Ultimately, the district court's conclusions of law and its decision to grant or deny the 60-1507 motion are reviewed using a de novo standard. *Drach*, 281 Kan. at 1063.

We note, for the purposes of clarity, that the language of K.S.A. 60-1507 controls the standard of review rather than Rule 183(h). The language of K.S.A. 60-1507 does not support the conclusion that appellate courts may apply an abuse of discretion standard. Thus, we disapprove any language to the contrary in previous opinions applying an abuse of discretion standard to a district court's decision on a K.S.A. 60-1507 motion. Abuse of discretion is no longer recognized as a standard for reviewing the results of 60-1507 motions.

In this case, the district court conducted a preliminary hearing to determine whether the issues were substantial and required a full evidentiary hearing. Relying on *Laymon*, the Court of Appeals articulated the standard of review to be abuse of discretion. *Bellamy*, slip op. at 5. However, it appears that the Court of Appeals actually applied a de novo standard in reaching its conclusion that Bellamy's trial counsel was effective and that Bellamy knowingly entered a guilty plea.

Although the Court of Appeals properly reviewed the district court's ultimate legal conclusions using a de novo standard, it did not address the district court's factual findings to determine whether they were supported by substantial competent evidence or whether they were sufficient to support the district court's conclusions of law. Accordingly, the Court of Appeals articulated the

wrong standard of review and failed to fully apply the proper standard of review.

Having determined what the proper standard of review is, we now turn to the substantive issue raised in Bellamy's 60-1507 motion. Bellamy claims that he did not knowingly and understandingly plead guilty to raping A.P. According to Bellamy, his trial counsel advised him that A.P. was legally incapable of consenting to sexual intercourse because she had gone to special schools for children with learning disabilities. Bellamy argues that he relied on his trial counsel's advice to his detriment because he would not have agreed to plead guilty to raping A.P. if he had known that A.P.'s capacity to consent was a factual question for the jury to decide.

It is a fundamental principle that a guilty plea must be freely, knowingly, and understandingly made to be valid. *Hughes v. State*, 206 Kan. 515, 516, 479 P.2d 850 (1971). Bellamy argues that his plea was not knowingly or understandingly made because his counsel was ineffective. To establish a claim of ineffective assistance of counsel, Bellamy must show that his counsel's performance was less than that guaranteed by the Sixth Amendment to the United States Constitution and that the deficient performance was prejudicial. *Flynn*, 281 Kan. at 1157.

The State's position focuses on the test for ineffective assistance of counsel, asserting that an evidentiary hearing is not necessary on the first prong of the test because there is nothing to establish that Bellamy was prejudiced by any deficiency in his counsel's performance under the second prong of the test. The State points to Bellamy's plea agreement, asserting that Bellamy derived a great benefit because he received 3 years of probation instead of the 155-month presumptive prison sentence set forth in the sentencing guidelines. The State also relies on Bellamy's failure to raise a direct appeal or otherwise contest his conviction and sentence until after his probation was revoked for multiple violations. We disagree with the State's argument. Bellamy's sentence is not the proper basis for determining whether he was prejudiced by a guilty plea based on improper legal advice.

In addition to agreeing with the State's argument regarding the lack of prejudice because Bellamy received a significant disposi-

tional departure, the Court of Appeals also concluded that Bellamy was not prejudiced because the evidence from the preliminary hearing was sufficient to convict Bellamy of rape based on force or fear. This conclusion is also in error. Bellamy did not plead guilty to rape based on force or fear. An appellate court cannot speculate as to what the outcome of a trial might have been based solely on the evidence presented at the preliminary hearing.

In this case, the district court found that Bellamy pled guilty to raping someone who was incapable of giving consent. However, the district court did not make any factual findings regarding the advice Bellamy received about A.P.'s capacity to consent. Nevertheless, the district court concluded as a matter of law that Bellamy received effective assistance of trial counsel. Without factual findings regarding the advice Bellamy received, there is no way for us to determine whether the district court's factual findings are supported by substantial competent evidence. Likewise, we find no facts to support the district court's conclusion that Bellamy's trial counsel was effective because it did not specifically address Bellamy's claim that his trial counsel improperly advised him on the issue of consent.

Pursuant to K.S.A. 60-1507 and Rule 183, the district court *must* conduct an evidentiary hearing unless the motion, files, and records of the case conclusively show that the movant is not entitled to relief. There are not sufficient facts in the record to establish what advice Bellamy received from his trial counsel prior to entering his guilty plea or how that advice influenced Bellamy's decision to plead guilty. When substantial questions of fact remain, the matter must be remanded to the district court for a hearing. *Laymon*, 280 Kan. at 437. "This is particularly true when evidence on such facts can best be evaluated by the judge who presided at trial, and that judge will be assigned the 60-1507 motion." *Laymon*, 280 Kan. at 437. Substantial issues of fact remain to be resolved in this case before the court can determine whether Bellamy received effective assistance of trial counsel. Because the factual issues involve events in which Bellamy participated, he must be present at the hearing. See Rule 183(h). Accordingly, we remand this matter to the district court for a full evidentiary hearing.

DAVIS and JOHNSON, JJ., not participating.
MCANANY, J., and BRAZIL, S.J., assigned.