NOT DESIGNATED FOR PUBLICATION

No. 116,657

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KAMARONTE JONES,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed December 8, 2017. Affirmed.

*Angela M. Davidson*, of Wyatt & Davidson, LLC, of Salina, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BUSER, J., and BURGESS, S.J.

PER CURIAM: This is Kamaronte Jones' second habeas corpus motion challenging his convictions for first-degree murder and criminal possession of a firearm. The Sedgwick County District Court summarily denied the motion as impermissibly successive and untimely. We find the motion to be successive, and Jones has failed to show exceptional circumstances warranting repeated review of his convictions. On that basis, we affirm the district court.

In a trial in 2008, a jury convicted Jones of the murder and firearms charges. The State alleged Jones shot another man during a party that members of two rival gangs attended. The jury agreed, and the district court sentenced Jones to life in prison on the murder conviction and a term of nine months for the firearms offense. Jones appealed. The Kansas Supreme Court affirmed the convictions on direct appeal. *State v. Jones*, 295 Kan. 804, 286 P.3d 562 (2012) (*Jones I*).

Jones then timely filed a motion for habeas corpus relief, as provided in K.S.A. 60-1507. The district court denied the motion without a hearing. Jones appealed that ruling to this court. We affirmed the denial. *Jones v. State*, No. 111,004, 2015 WL 569405, at *1 (Kan. App. 2015) (unpublished opinion) (*Jones II*). Pertinent here, on appeal in *Jones II*, Jones requested the motion be treated as one for a new trial. We considered it as both a motion under K.S.A. 60-1507 and for a new trial and determined Jones had not shown a basis for relief either way. 2015 WL 569405, at *3-4.

In 2016, Jones filed another 60-1507 motion in the district court ostensibly attacking his sentence, but the alleged grounds were all trial errors of the sort that could have been raised on direct appeal in *Jones I* or in the initial 60-1507 motion at issue in *Jones II*. He also alleged that his trial and appellate counsel were constitutionally ineffective. That, too, was a claim that could have been asserted in *Jones II*. As we indicated, the district court denied the motion as successive and untimely. Jones has appealed, and that is what we have in front of us.

Upon receiving a 60-1507 motion, a district court may summarily deny the motion if it and the contents of the criminal case file conclusively show no grounds for relief. That's what happened here. The district court otherwise may appoint counsel for the movant and then hold either a full evidentiary hearing addressing the merits or a preliminary inquiry to explore the need for an evidentiary hearing. *Bellamy v. State*, 285 Kan. 346, 353-54, 172 P.3d 10 (2007). If the district court dismisses a 60-1507 motion on

2

the papers without a hearing, the appellate courts review that determination anew and without any deference. 285 Kan. at 354.

Basically, K.S.A. 60-1507 provides a vehicle for a convicted criminal to challenge the legal sufficiency of his or her prosecution after exhausting appeals in the direct criminal case. K.S.A. 60-1507(a). There are, however, procedural limitations on relief available under K.S.A. 60-1507. First, the motion cannot be used as a substitute for a direct appeal, so issues that were or could have been presented during that process typically cannot be raised in a 60-1507 motion absent compelling circumstances. *State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 (2011). Constitutionally inadequate legal representation may provide such a circumstance. See *Bledsoe v. State*, 283 Kan. 81, 88-89, 150 P.3d 868 (2007). Generally, a convicted criminal is expected to raise all of his or her claims in a single 60-1507 motion. The courts, then, need not deal with serial or successive challenges addressing different aspects of the same criminal prosecution. K.S.A. 60-1507(c); *Kelly*, 291 Kan. at 872. But the courts may consider successive motions based on exceptional circumstances, such as "unusual events or intervening changes in the law" that prevented a movant from raising all of his or her claims in an initial motion. 291 Kan. at 872. Finally, K.S.A. 60-1507(f)(1) requires a convicted criminal to file a motion no later than one year after appellate jurisdiction over any actual or potential direct appeal ends. A movant may avoid the time bar if doing so will "prevent a manifest injustice." K.S.A. 60-1507(f)(2).

On appeal, Jones acknowledges those principles. He initially tries to avoid the bar on successive 60-1507 motions by arguing what this court considered in *Jones II* was only a motion for a new trial. So, he says, this motion cannot be successive—it would be his first 60-1507 motion. But that's not correct. The motion at issue in *Jones II* was filed in the district court as a 60-1507 motion and treated that way. On appeal, this court reviewed the motion as a 60-1507 motion and, alternatively, as a motion for a new trial. The motion we consider now is a second (and, thus, successive) 60-1507 motion.

Jones then cites the exceptional-circumstances bypass for consideration of a serial 60-1507 motion. But he identifies neither a factual event nor a change in the law that somehow stymied his ability to seek relief on any specific ground in his original 60-1507 motion. Without such a showing, Jones' present 60-1507 motion is impermissibly successive. See *Kelly*, 291 Kan. at 872-73.

The district court ruled correctly in declining to consider this motion.

Affirmed.