NOT DESIGNATED FOR PUBLICATION

No. 118,306

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JEFFREY L. SCOTT,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed October 5, 2018. Affirmed.

*Wendie C. Miller*, of Kenneth B. Miller, Atty at Law, LLC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM: The Sedgwick County District Court denied Jeffrey L. Scott's habeas corpus challenge to his 1999 conviction for first-degree murder as untimely and impermissibly successive to earlier collateral attacks on the conviction he pursued in the state and federal courts. Scott has appealed. We affirm because Scott rests his current motion solely on an ostensible error in what had been the standard jury instruction on the State's burden of proof in a criminal case. The Kansas Supreme Court has since ruled that the instruction is not erroneous. So Scott has not alleged any error in the trial process resulting in his conviction—let alone an error of such fundamental dimension to trigger habeas corpus relief.

1

A jury convicted Scott of murder, and the district court sentenced him to life in prison. The facts of the crime are irrelevant to the legal issue before us. The Kansas Supreme Court affirmed the conviction and sentence on direct appeal. *State v. Scott*, 271 Kan. 103, 21 P.3d 516 (2001). In 2002, Scott filed his first habeas corpus motion as permitted in K.S.A. 60-1507. The district court denied him relief, and this court affirmed that ruling. *Scott v. State*, No. 90,135, 2004 WL 944026 (Kan. App. 2004) (unpublished opinion). While his first 60-1507 motion was pending, Scott filed for and was ultimately denied federal habeas corpus relief. *Scott v. McKune*, No. Civ. A. 04-3360-KHV, 2005 WL 2589197 (D. Kan. 2005) (unpublished opinion). In each of those proceedings, Scott asserted multiple grounds for relief.

In 2017, Scott filed this 60-1507 motion. The district court summarily denied the motion as untimely and impermissibly successive. See K.S.A. 2017 Supp. 60-1507(c), (f). Scott has appealed.

In this challenge to his conviction, Scott has predicated error on the district court's use of what had been the standard instruction to inform the jury on the State's burden of proof. The instruction, PIK Crim. 3d 52.02 (1995 Supp.), states, in part:

> "The test you must use in determining whether the defendant is guilty or not guilty is this: If you have a reasonable doubt as to the truth of *any* of the claims required to be proved by the State, you must find the defendant not guilty. If you have no reasonable doubt as to the truth of *any* of the claims required to be proved by the State, you should find the defendant guilty." (Emphasis added).

As Scott points out, the committee that develops pattern jury instructions later revised the instruction by replacing the second "any" with "each" as a matter of linguistic clarity. See PIK Crim. 4th 51.010 (2017 Supp.). Scott contends the instruction used at his trial is confusing and effectively dilutes the State's burden of proof to something less than reasonable doubt.

When a district court summarily denies a 60-1507 motion, we review the ruling without deference. We can review the motion and the record in the underlying criminal case just as well as the district court. Here, the district court heard no additional evidence and made no credibility determinations. In short, the appellate court exercises de novo review. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007).

Given that broad appellate authority, we choose not to thrash around with the procedural barriers the district court relied on to deny Scott's motion. Although the motion almost certainly was sufficiently irregular procedurally to warrant denial for being untimely and successive, we skip to the merits. The merits barrier to Scott's motion is impregnable.

After the PIK Committee changed the burden of proof instruction, many district courts persisted in using the old instruction—the one that had been state-of-the-art when Scott was convicted. So in recent years, many defendants have asserted the use of PIK Crim. 3d 52.02 with its "any-any" language to be error either on direct appeal or in 60-1507 motions. In *State v. Herbel*, 296 Kan. 1101, 1124, 299 P.3d 292 (2013), the Kansas Supreme Court held the any-any instruction outlining reasonable doubt and the State's burden of proof to be free of error and "legally appropriate," though no longer preferred. See *State v. Solis*, 305 Kan. 55, 69-70, 378 P.3d 532 (2016) (reiterating and affirming *Herbel* rule). In short, the jury instruction on which Scott bases his present 60-1507 motion simply is not erroneous. 305 Kan. at 70 ("[A]lthough the challenged instruction is not the best way to define reasonable doubt, it is not erroneous.").

Having raised something that is not and was not error in his jury trial, Scott cannot be entitled to relief.

Affirmed.

3