NOT DESIGNATED FOR PUBLICATION

No. 119,800

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ERIC J. AVILA,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DEBORAH HERNANDEZ MITCHELL, judge. Opinion filed August 30, 2019. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., GREEN and MALONE, JJ.

PER CURIAM: This is an appeal of the district court's summary denial of Eric J. Avila's K.S.A. 60-1507 motion alleging ineffective assistance of counsel. Upon our review, we find no reversible error and, therefore, affirm the district court's summary denial of the motion.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2012, in a consolidated proceeding, Avila was found guilty upon his no contest pleas to kidnapping, second-degree murder, and burglary. The district court sentenced Avila to a controlling sentence of 289 months in prison.

In January 2013, Avila filed a motion to withdraw his pleas on the ground that his counsel was ineffective. First, Avila alleged that his counsel failed to explain that if he went to trial he could be convicted of a lesser included offense. Second, Avila complained that his counsel failed to discuss and explain case strategies. Avila also claimed that he was not in the right state of mind when he entered the pleas because he was taking psychotropic drugs. The district court denied the motion, and our court affirmed after allowing Avila to file a late notice of appeal. *State v. Avila*, No. 110,597, 2014 WL 7566045 (Kan. App. 2014) (unpublished opinion). Our Supreme Court denied Avila's petition for review on August 20, 2015.

Over two years later, on December 7, 2017, Avila filed a pro se K.S.A. 60-1507 motion that is the subject of this appeal. The motion alleged ineffective assistance of counsel. In particular, Avila stated he recently discovered that his counsel "made many blunders and serious errors before coming to him with a Plea Agreement." He claimed his counsel prevented him from participating in his defense by depriving him of discovery materials and facts.

Avila also alleged that he was not guilty of the crimes because of his mental status on the night of the murder. He claimed that he informed his counsel that on that evening he had ingested Xanax, OxyContin, and whiskey and, as a result, had drifted in and out of consciousness. Avila further complained that his counsel failed to obtain a toxicology report and failed to investigate his mental illnesses of schizophrenia and post-traumatic stress disorder (PTSD).

Because of his diminished mental status, Avila asserted that had he gone to trial his counsel could have argued for the lesser included offense of manslaughter. Moreover, Avila claimed he would not have pled no contest if his trial counsel had informed him of all possible defenses. In summary, Avila asserted that his counsel's performance fell below an objective standard of reasonableness.

The State responded that Avila's motion was untimely and that he failed to assert manifest injustice or a colorable claim of innocence to justify an extension of time to file the K.S.A. 60-1507 motion.

The district court summarily denied Avila's K.S.A. 60-1507 motion. At the outset, it found that Avila's motion was filed several years after the deadline established by K.S.A. 60-1507(f). The district court further explained:

> "Mr. Avila argues several reasons why he believes the representation of his counsel fell below an objective standard of reasonableness; however, Mr. Avila provides no support for any of his arguments that the result of the case would have been different if other action had been taken by Counsel. Mr. Avila merely makes conclusory statements alleging he would not have pled, or a jury not convicted had a trial occurred if other action was pursued by counsel. These conclusory statements fail to establish a colorable claim of actual innocence [which is] insufficient to show manifest injustice under the statute."

Avila filed a timely notice of appeal.

## SUMMARY DENIAL OF K.S.A. 60-1507 MOTION

Our standard of review provides that a district court may summarily deny a K.S.A. 60-1507 motion when the court finds that the motion, files, and case records conclusively show the movant is not entitled to relief. K.S.A. 2018 Supp. 60-1507(b); *Sola-Morales v.*

3

*State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). Summary denial of a K.S.A. 60-1507 motion receives de novo review. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007).

The procedural requirements of K.S.A. 2018 Supp. 60-1507(f)(1) provide that a movant must file a motion for relief within one year of either:

> "(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or
> "(B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition."

If, based on the district court's own inspection of the motions, files, and records of the case, the district court determines that the time limitations have been exceeded, the district court must dismiss the motion as untimely. K.S.A. 2018 Supp. 60-1507(f)(3). However, a district court may address the merits of the motion if the movant can show manifest injustice will occur if the movant is not permitted to file the motion out of time. On appeal, Avila candidly concedes his motion was filed beyond the one-year time limitation and that it is untimely. As a result, a manifest injustice analysis is necessary.

In determining whether manifest injustice exists, courts are "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2018 Supp. 60-1507(f)(2)(A). We will consider these two factors separately.

*The Reasons for Untimely Filing*

Avila asserts that he failed to file his K.S.A. 60-1507 motion within the one-year time limitation because he only recently discovered—through the assistance of a prison paralegal—that his counsel made several serious mistakes in representing him. Moreover,

4

Avila asserts that a prisoner may find an error many years after his last appellate review and it is manifest injustice to not allow him to raise the issue. Because pro se filings should be liberally construed, Avila argues these two reasons are sufficient to justify his late filing of the motion.

On the other hand, the State asserts that Avila has questioned the effectiveness of his counsel since a few days prior to entering his pleas. Thus, the State argues that Avila has had adequate time to discover any instances of ineffective assistance of counsel prior to the expiration of the time limitation set forth in K.S.A. 2018 Supp. 60-1507.

Avila's reasons for not filing his K.S.A. 60-1507 motion in a timely manner are without merit. Avila argues that he was unable to bring his motion until five years after his no contest pleas because he only recently discovered that his counsel made serious blunders. However, the record proves otherwise. It shows that in his motion to withdraw pleas filed in January 2013, Avila not only focused on the ineffectiveness of his counsel generally, but also that he raised specific claims of ineffectiveness that are identical to the ones he now raises in his K.S.A. 60-1507 motion filed four years later.

In affirming on appeal the summary denial of Avila's motion to withdraw pleas, our court listed some of Avila's ineffective assistance of counsel claims: "(1) failing to meet with him enough to discuss his case; (2) failing to adequately discuss strategy with him; (3) failing to explain the possibility of being convicted of lesser included offenses had he proceeded to trial; (4) failing to provide him with copies of discovery upon request." *Avila*, 2014 WL 7566045, at *1. It is readily apparent that as of January 2013, Avila was aware of and sought relief from his counsel's alleged ineffectiveness generally. Moreover, in January 2013, he sought relief from several specific errors he now claims in his K.S.A. 60-1507 motion are newly discovered.

5

We also note that in his January 2013 motion to withdraw pleas, Avila raised the issues of his claimed mental illness and the adverse effects of taking medications and drugs. 2014 WL 7566045, at *4. Our court characterized Avila's claims as vague that "'medications had rendered his actions involuntary' or affected his understanding of the plea agreement." 2014 WL 7566045, at *4. In particular, our court noted, "there is no evidence in the record to support [Avila's] claim he was taking any medications prescribed by the jail psychologist [and] there is no documentation Avila had a mental illness requiring medication." 2014 WL 7566045, at *5.

Upon our review of Avila's motion to withdraw pleas filed four years prior to his K.S.A. 60-1507 motion, we are convinced that Avila was well aware in January 2013 of several ineffective assistance of counsel claims he now asserts are newly discovered. Moreover, the specific claims Avila now raises, relating to his alleged mental illnesses and use of medications and drugs at the time of the crimes, were previously raised in the related context of his mental ability to understand his no contest pleas. The record shows that Avila was fully informed in January 2013 of the potential ineffective assistance of counsel errors related to his mental illnesses, use of medications and drugs, and his trial counsel's advice or lack thereof.

On this record, Avila has failed to show any justification for the untimely filing of his K.S.A. 60-1507 motion.

*Colorable Claim of Actual Innocence*

Avila contends his K.S.A. 60-1507 motion presented a colorable claim of actual innocence. On appeal, Avila argues "he was not guilty of the initial crime charged, first degree premeditated murder, or the crimes of conviction—second degree intentional murder and kidnapping. While Mr. Avila never stated he was not guilty, interpreting his petition liberally [necessarily] leads to this conclusion." Avila asserts that he claimed

6

innocence with regard to kidnapping "or that he was, at most guilty of manslaughter." Specifically, Avila argues that he was guilty of manslaughter because he lacked the requisite mental state for second-degree murder.

The State counters that under K.S.A. 2018 Supp. 60-1507(f)(2)(A) Avila's claim of legal innocence is not sufficient to overcome the procedural bar. The State asserts that Avila did not claim he was not guilty of second-degree murder, only that he was guilty of a lesser degree of the offense. This, in the State's estimation, is a claim of legal innocence of the greater crime rather than actual innocence of the crime which is required under the statute.

The standard for a colorable claim of actual innocence has recently changed. Under the old version of K.S.A. 60-1507(f)(2), courts interpreted "a colorable claim of actual innocence" to mean that a movant must show that he or she was factually, not legally, innocent. *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018). The Legislature has since amended the statute to define a colorable claim of actual innocence: "As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2018 Supp. 60-1507(f)(2)(A); *Beauclair v. State*, 308 Kan. 284, 294, 419 P.3d 1180 (2018).

At the outset, Avila's claim of actual innocence is fatally defective. While Avila cites K.S.A. 2018 Supp. 60-1507(f)(2)(A) as the correct legal standard, he never contends in his K.S.A. 60-1507 motion or in his appellate brief that "it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2018 Supp. 60-1507(f)(2)(A). Second, not only does Avila fail to assert this essential proposition, he does not explain how his candid concession that he was, in fact, guilty of manslaughter meets this statutory actual innocence standard.

7

Third, on appeal, Avila does not identify the new evidence or explain how this evidence would make it more likely than not that no reasonable juror would have convicted him of the kidnapping and killing of the victim. Assuming Avila is claiming that the new evidence relates to his having taken medications or illicit drugs prior to the killing, and being diagnosed with schizophrenia and PTSD at some point during the criminal proceedings, this evidence is hardly new. As discussed earlier, similar allegations formed the basis for Avila's motion to withdraw pleas filed in January 2013. Not only is this evidence not new, our court considered it and, in a related context, found it insufficient. 2014 WL 7566045, at *4.

In arguing for an evidentiary hearing, Avila cites *Beauclair* in support. Yet, *Beauclair* involved a victim's subsequent recantation of her trial testimony that, if true, totally exonerated Beauclair. Additionally, our Supreme Court noted "new information" that Beauclair's incriminating statements to a detective were not true. 308 Kan. at 302-03. *Beauclair* affords Avila no relief. In Avila's case, the evidence is not new and it does not exonerate him.

K.S.A. 2018 Supp. 60-1507(b) requires a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." We have reviewed the motion, files, and record on appeal and considered the appellant's brief. First, this review convinces us that Avila has failed to provide a valid reason why he failed to file his K.S.A. 60-1507 motion within the one-year time limitation as set forth in K.S.A. 2018 Supp. 60-1507(f)(2)(A). Second, Avila has failed to assert or show that "it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2018 Supp. 60-1507(f)(2)(A). Given these findings, we find no error in the district court's summary denial of Avila's motion.

Affirmed.

8