NOT DESIGNATED FOR PUBLICATION

No. 121,285

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SASHADA B. MAKTHEPHARAK,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed October 9, 2020. Affirmed.

*Wendie C. Miller*, of Kenneth B. Miller, Attorney At Law, LLC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., HILL and ATCHESON, JJ.

PER CURIAM: Sashada B. Makthepharak filed a habeas corpus motion in February 2019 attacking his convictions for felony murder and other serious felonies in a jury trial in Sedgwick County District Court more than 16 years after the Kansas Supreme Court affirmed those verdicts and the resulting sentences on direct appeal. See *State v. Makthepharak*, 276 Kan. 563, 78 P.3d 412 (2003). The district court summarily denied Makthepharak's motion as untimely under K.S.A. 60-1507(f)(1). Makthepharak has appealed. We find no error and affirm.

1

Following the criminal episode, Makthepharak was referred from juvenile court to district court. The case arose from a home invasion with gang overtones as a motive. A resident of the home was fatally shot. The circumstances of that incident and the trial are not directly relevant to our handling of this appeal. They are detailed in the court's disposition of the direct appeal.

A motion collaterally attacking criminal convictions under K.S.A. 2019 Supp. 60-1507 must be filed within one year after the direct appeal becomes final. K.S.A. 2019 Supp. 60-1507(f)(1). The district court may excuse compliance with the one-year deadline to avert "a manifest injustice." K.S.A. 2019 Supp. 60-1507(f)(2). As outlined in the statute, the party seeking relief from the time bar must show either some form of good cause for the late filing or actual innocence. K.S.A. 2019 Supp. 60-1507(f)(2)(A). We review the summary denial of a 60-1507 motion without deference to the district court's decision, since the ruling rests on the content of the motion itself and an examination of the file in the underlying criminal case. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007).

On appeal, Makthepharak points to nothing in the record explaining why he waited 16 years to file his 60-1507 motion. Rather, he argues that he has raised colorable claims that he received less than a fair trial, so that provides a good reason for the delay. The argument, however, is circular: The ostensible merit of the substantive claims cannot itself be the reason those claims weren't raised within the one-year limitation—or here were untimely by a decade and a half.

In his motion and on appeal, Makthepharak avers he is innocent and alleges his trial lawyer failed to call witnesses who would have exonerated him and failed to interview his codefendants. But Makthepharak has not identified those witnesses, let alone established by affidavit, declaration, or in some other evidentiary fashion, what they would have testified to. Likewise, he has not explained just how his codefendants

2

might establish his innocence. In his motion, Makthepharak also alludes to "tests" that would show that he is innocent. But he neither identifies particular tests nor explains how the results of those tests would tend to exonerate him. The sort of conclusory and unsupported representations Makthepharak has offered do not establish a bona fide claim of actual innocence lifting the time bar in K.S.A. 2019 Supp. 60-1507(f)(1). See *Beauclair v. State*, 308 Kan. 284, 302, 419 P.3d 1180 (2018).

The district court correctly found that Makthepharak failed to demonstrate any valid legal basis for considering his 60-1507 motion well outside the one-year time limit and, in turn, properly denied the motion for that reason.

Affirmed.