NOT DESIGNATED FOR PUBLICATION

No. 124,101

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KERON D. BAILEY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed June 17, 2022. Affirmed.

*Gerald E. Wells*, of the office of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., POWELL and WARNER, JJ.

PER CURIAM:  Keron D. Bailey appeals the Sedgwick County District Court's summary denial of his motion for habeas corpus relief under K.S.A. 2021 Supp. 60-1507 in which he argued the lawyer representing him in a probation revocation hearing performed in a constitutionally inadequate manner. We affirm on the grounds Bailey has failed to show any legal prejudice resulting from his representation in the probation proceedings.

1

Given the comparatively narrow issues in front of us, we may state the salient facts and procedural history succinctly. In 2013, Bailey entered an *Alford* plea to a charge of aggravated robbery with a joint sentencing recommendation for probation. Consistent with that agreement, the district court sentenced Bailey to 247 months in prison and placed him on probation for 36 months. Throughout the criminal case, Bailey was plagued by his unflagging abuse of illegal drugs and alcohol.

The district court found Bailey used alcohol or drugs in violation of his probation conditions on multiple occasions. There were several revocation hearings bookending an appeal and remand from this court—all of which are legally irrelevant to this appeal. After the remand, the district court returned Bailey to probation with a short jail sanction. Ultimately, the district court revoked Bailey's probation in 2016 and ordered him to serve a reduced sentence of 233 months in prison. Bailey appealed, and this court affirmed. *State v. Bailey*, No. 116,851, 2018 WL 911497, at *2-5 (Kan. App. 2018) (unpublished opinion). Throughout the direct criminal case, the lawyer representing Bailey regularly pointed out his unremitting battle with drugs and alcohol and argued for placements focusing on treatment rather than incarceration.

Bailey duly filed this 60-1507 motion on the grounds his legal representation in the last probation revocation proceeding fell below the guarantee of effective assistance of counsel in the Sixth Amendment to the United States Constitution. As with many litigants representing themselves, Bailey stated his complaints in the motion without much legal precision. We understand him to be arguing he was inadequately represented in two ways: (1) his lawyer failed to call a toxicologist as an expert witness at the probation revocation hearing; and (2) his lawyer failed to request what he characterizes as a "competency" hearing. The district court summarily denied the motion. Bailey has appealed, and that ruling is what we have before us now.

When the district court denies a 60-1507 motion without holding an evidentiary hearing, we accord the decision no deference on appeal because we can review the motion and the record in the direct criminal case equally well, and the district court has not reconciled any conflicting evidence. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007). To prevail on his 60-1507 motion, Bailey must show both that his legal representation fell below the required constitutional standard and that he suffered legal prejudice as a result, meaning there would be a reasonable probability of a different outcome had the representation been sufficient. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Phillips*, 312 Kan. 643, 676, 479 P.3d 176 (2021); *Sola-Morales v. State*, 300 Kan. 875, 882-83, 335 P.3d 1162 (2014).

Regardless of the inadequacy of the legal representation, a 60-1507 motion fails if the movant cannot establish substantial prejudice. And the district court properly may deny a motion that falters on the prejudice component of the *Strickland* test without assessing the constitutional adequacy of the representation. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); see *Edgar v. State*, 294 Kan. 828, 843-44, 283 P.3d 152 (2012). In other words, even assuming a criminal defendant's legal representation fell below the Sixth Amendment standard, he or she is not entitled to habeas corpus relief if the result would have been no different with competent counsel. We take that approach here.

We turn to Bailey's showing of prejudice, such as it is, without addressing the constitutional performance of the lawyer handling the probation revocation hearing. In doing so, we are not in any way suggesting the representation was insufficient. We simply need not and, therefore, do not consider that component of the *Strickland* test.

3

Bailey contends his lawyer should have hired a toxicologist to give expert testimony at the probation revocation hearing to the effect Bailey's deep-seated substance abuse problems prevented him from complying with the conditions imposed on him. The lawyer, of course, made that sort of argument in conjunction with the request for treatment rather than imprisonment. At this juncture, however, Bailey's claim falters because he has neither identified a specific expert who could have testified at the hearing nor proffered (presumably by affidavit or declaration) what that expert would have said if called as a witness. Bailey's entirely abstract and hypothetical assertion that some unidentified expert in a particular field might have been of help to him at the hearing is insufficient to suggest legal prejudice. See *Richard v. State*, No. 120,298, 2020 WL 288563, at *7-8 (Kan. App. 2020) (unpublished opinion); *State v. Tiger*, No. 110,278, 2015 WL 1513955, at *11 (Kan. App. 2015) (unpublished opinion); *Zeiner v. State*, No. 108,834, 2013 WL 5507448, at *4 (Kan. App. 2013) (unpublished opinion); cf. *Smith v. State*, No. 11,884, 2020 WL 7409939, at *4 (Kan. App. 2020) (unpublished opinion) (movant fails to show prejudice when he claims lawyer handling direct criminal case should have called character witnesses but fails to identify any such witnesses for their likely testimony in support of 60-1507 motion). Bailey has not shown an actual expert in toxicology or some other discipline could have or would have provided advantageous testimony. Accordingly, his point rests on no more than speculation, and that is insufficient to require the district court to press ahead with an evidentiary hearing on his 60-1507 motion.

Bailey's second claim is even more oblique. He says the lawyer handling the probation revocation should have requested a competency hearing. Competency hearings are designed to determine if criminal defendants have sufficient mental wherewithal to understand the proceedings against them and to assist their lawyers in their defense. K.S.A. 22-3301(1); *State v. Gonzalez*, 57 Kan. App. 2d 618, 626, 457 P.3d 938 (2019). Bailey has neither alleged in his 60-1507 motion that he was incompetent in that sense nor has he pointed to anything in the district court record suggesting he may have been.

4

Rather, we infer Bailey now contends the lawyer who represented him in the probation revocation hearing should have requested a statutory evaluation under K.S.A. 2021 Supp. 22-3302 as a subterfuge to secure expert testimony about his drug and alcohol addiction.

We presume a lawyer would act inappropriately in asking for a competency evaluation of his or her client for such an ulterior purpose. More to the immediate point, however, Bailey's claim fails for the same reason as his first contention—he has proffered no evidence, including an appropriate expert, that he was either genuinely incompetent when his probation was revoked or that his substance abuse problems were so severe as to absolve him of at least moral culpability for the associated violations. Bailey's second claim winds up being no more than a repackaging of his first claim, rendering it at least as speculative and just as legally empty.

The district court properly denied Bailey's 60-1507 motion.

Affirmed.