NOT DESIGNATED FOR PUBLICATION

No. 126,886

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTHONY KIDD,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Submitted without oral argument. Opinion filed June 6, 2025. Affirmed.

*Mark Sevart*, of Derby, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ATCHESON, P.J., COBLE and PICKERING, JJ.

PER CURIAM: A Sedgwick County District Court jury convicted Anthony Kidd of first-degree murder and other felonies in a 2008 trial. The Kansas Supreme Court affirmed his convictions and sentences on direct appeal. *State v. Kidd*, 293 Kan. 591, 592, 265 P.3d 1165 (2011). In that appeal, Kidd drafted and filed a supplemental brief to the court augmenting the submission from his appointed appellate lawyer. Kidd later filed a timely 60-1507 motion. The district court denied relief, and we affirmed on appeal. *Kidd v. State*, No. 111,234, 2015 WL 4460380, at *1 (Kan. App. 2015) (unpublished opinion). Kidd has since filed two untimely 60-1507 motions without success. *Kidd v. State*, No.

120,904, 2020 WL 1814291, at *1 (Kan. App. 2020) (unpublished opinion) (affirming denial of second 60-1507 motion); Odyssey, No. 125,145, doc. 31 (order dismissing appeal of third 60-1507 motion for lack of jurisdiction).

In September 2022, Kidd filed this—his fourth—60-1507 motion. The district court summarily denied the motion without appointing a lawyer for Kidd or holding a hearing. The district court found the motion to be both untimely and successive. Either is a sufficient ground to deny a 60-1507 motion. K.S.A. 60-1507(c) (court need not consider successive motions); K.S.A. 60-1507(f) (one-year time limit to file motion). Kidd has appealed. We find his arguments unpersuasive and affirm the district court's decision to deny this fourth 60-1507 motion as untimely. Kidd has failed to show that an exception to the time bar applies.

A district court may summarily deny a 60-1507 motion if the claims in the motion and the record in the underlying criminal case conclusively show the movant is entitled to no relief or the record otherwise establishes an insurmountable procedural bar, such as successiveness or untimeliness. Where, as here, the district court declines to appoint a lawyer for the movant and holds no hearing, we review a decision denying the motion without deference and apply that same standard. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007); see *Beauclair v. State*, 308 Kan. 284, 303-04, 419 P.3d 1180 (2018) (explaining interplay between time bar and its exceptions in ruling on otherwise untimely motion).

Kidd's fourth motion essentially argues trial errors or conduct of trial counsel that could have been raised on direct appeal or in his first 60-1507 motion. Under K.S.A. 60-1507(f), a convicted defendant must file their motion within one year after the conclusion of the direct criminal case. Kidd now concedes his motion is untimely. The one-year time limit may be lifted to avert a statutorily defined "manifest injustice." K.S.A. 60-1507(f)(2). For that purpose, a manifest injustice is either a compelling reason that would

excuse an untimely filing or new evidence of actual innocence of sufficient weight to show that a reasonable juror would be more likely than not to vote against conviction. K.S.A. 60-1507(f)(2)(A).

Kidd has shown neither ground for relief from the time bar. He has offered no explanation as to why he could not have raised and did not raise the ostensible trial errors he has asserted in this motion in his earlier submissions, including the supplemental brief he prepared and filed in the direct appeal. And he has offered no new evidence suggesting he is actually innocent of the crimes the jury convicted him of. In short, Kidd provides us with nothing of legal substance to warrant our review of the points he has outlined notwithstanding the time bar in K.S.A. 60-1507(f). See *State v. Angelo*, 306 Kan. 232, Syl. ¶ 2, 392 P.3d 556 (2017). That alone is enough to affirm the district court. We, therefore, need not and do not discuss successiveness or delve into the underlying claims Kidd has asserted.

Affirmed.