NOT DESIGNATED FOR PUBLICATION

No. 119,038

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BENNIE R. MURDOCK,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed April 5, 2019. Affirmed.

*Angela M. Davidson*, of Davidson Appellate Law, of Lawrence, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON, J., and MCANANY, S.J.

PER CURIAM: Bennie Murdock was convicted in 1983 of first-degree murder, rape, and aggravated burglary. Our Supreme Court affirmed his convictions in 1984. See *State v. Murdock*, 236 Kan. 146, 689 P.2d 814 (1984). Twenty years later, in 2004, Murdock sought DNA testing of physical evidence. Because no DNA material was available for testing, his request was denied. Murdock did not appeal.

Ten years later, Murdock moved to correct an illegal sentence. That motion was denied, and our Supreme Court affirmed under Supreme Court Rule 7.041A(d) (2015 Kan. Ct. R. Annot. 67) in 2016.

1

The following year, in 2017, 33 years after resolution of his direct appeal, Murdock moved for relief under K.S.A. 60-1507. The district court summarily denied relief, but incorrectly calculated the filing time as running from January 26, 2016. The minute sheet which memorialized the court's ruling states:

"Petitioner's claim under K.S.A. 60-1507 arises from an original conviction in 1983 for murder, rape and aggravated burglary. A final mandate from the Kansas Supreme Court affirming the trial court was filed January 29, 2016. This present petition was filed May 19, 2017. Petitioner's filing completely ignores the one year time bar for filing the present action.

"The present petition for relief is denied as untimely."

Murdock appeals the denial of relief on his K.S.A. 60-1507 motion. He claims on appeal that in denying his motion the district court made insufficient findings of fact and conclusions of law. He also claims that the motion, files, and records of the case do not conclusively show that he was not entitled to relief and that the district court should have considered his claim of actual innocence to excuse the untimeliness of his motion.

Under K.S.A. 60-1507, as stated in *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014), "'The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily.'" That is what the district court did in this case.

On appeal, we conduct our own de novo review to determine whether the motion, files, and records of the case conclusively establish that Murdock was not entitled to relief. See 300 Kan. at 881. Besides, the district court's minute sheet adequately set forth the facts and legal conclusions that underpin the district court's ruling on the issue of timeliness, though it used an incorrect date when the one-year limitation period began to run—a completely harmless error.

2

The district court premised its ruling on the tardiness of Murdock's motion. Murdock had one year from when his convictions became final to file his motion under K.S.A. 60-1507(f)(1). Murdock's appeal was affirmed, and his conviction became final in November 1984. The one-year time limitation was added to the statute effective July 1, 2003. Individuals like Murdock who had claims preexisting the 2003 statutory amendment had until June 30, 2004, to file a 60-1507 motion. *Pabst v. State*, 287 Kan. 1, 22, 192 P.3d 630 (2008). Murdock missed the K.S.A. 60-1507 deadline by almost 13 years. The district court did not err in finding that Murdock's claim was untimely.

Nevertheless, the one-year limitation for seeking relief under K.S.A. 2018 Supp. 60-1507(f)(1) may be extended to prevent a manifest injustice. K.S.A. 2018 Supp. 60-1507(f)(2). A prisoner can assert manifest injustice to avoid the one-year limitation by claiming "actual innocence." K.S.A. 2018 Supp. 60-1507(f)(2)(A).

Here, Murdock asserted in his motion that he was "actually innocent" and requested an evidentiary hearing. The district court did not make any findings on Murdock's actual innocence claim. On appeal, Murdock contends that this lack of findings impedes appellate review and requires us to remand the case to the district court to make necessary findings.

Kansas Supreme Court Rule 183(j) (2019 Kan. S. Ct. R. 230) requires the court to "make findings of fact and conclusions of law on all issues presented." But when the district court summarily denies relief on a K.S.A. 60-1507 motion, the district court's factual findings are not critical to our de novo review. We have the same access to the motion, records, and files as did the district court. See *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007). A remand is not necessary when, as here, the lack of findings does not impede our appellate review. See *Haddock v. State*, 282 Kan. 475, 506, 146 P.3d 187 (2006).

Turning to Murdock's claim of actual innocence, his claim is procedural rather than substantive: he seeks to overcome the procedural time bar to allow the court to consider the merits of his claim, not substantive relief in the form of an order for a new trial. See *Beauclair v. State*, 308 Kan. 284, 296, 419 P.3d 1180 (2018). To accomplish this he needed to demonstrate that his "claim of actual innocence meets the standard outlined in *Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)." *Beauclair*, 308 Kan. 284, Syl. ¶ 1.

In *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), the Supreme Court noted that cases meeting the *Carrier* standard are "extraordinary." For Murdock to overcome the late filing of his motion with a claim of actual innocence, he must come forward with *new evidence* of his innocence. The *Schlup* Court explained:

> "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." 513 U.S. at 316.

> "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

Here, Murdock's motion merely recounts evidence presented at trial. He does not offer any *new* evidence to support his innocence claim. He simply points out weaknesses in the prosecution's case at trial, including:

- Testimony at trial about the ease of access to the victim's apartment building with or without keys;

4

- Testimony about the lack of cuts or blood from the victim on Murdock or his clothes;

- Testimony about the hairs recovered from the crime scene not matching Murdock's hair;

- Criticisms about the fingerprint evidence; and

- Criticisms about the accuracy of the eyewitness' testimony.

Murdock also cites his alibi evidence. He cites the failure of the State to preserve DNA evidence, but that was the subject of a motion in 2004 and Murdock did not appeal that ruling, nor does he provide any new DNA evidence that would exonerate him.

Regarding the eyewitness identification testimony, he calls it an "unreliable cross-racial identification." Murdock cites various criticisms of the eyewitness testimony which were explored at trial. None of this is new. He argues that his trial counsel should have called an expert witness to testify on the subject of cross-racial identification. But this does not constitute new evidence that satisfies the *Carrier* standard as described in *Schlup* and later cases and which would cause us to conclude that " it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2018 Supp. 60-1507(f)(2)(A). Thus, Murdock has not presented a "colorable claim of actual innocence." See K.S.A. 2018 Supp. 60-1507(f)(2)(A); *Schlup*, 513 U.S. at 316, 324.

Because the record conclusively shows Murdock did not raise a "colorable claim of actual innocence" within the meaning of K.S.A. 2018 Supp. 60-1507 so as to excuse the late filing of his motion, his motion was time barred, and the district court was not in error in so ruling.

Affirmed.