NOT DESIGNATED FOR PUBLICATION

No. 119,925

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICHOLAS G. COOK,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed September 6, 2019. Affirmed in part, reversed in part, and remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., GREEN and MALONE, JJ.

PER CURIAM: Nicholas G. Cook was sentenced to 64 months in prison after being found guilty upon his pleas of no contest to burglary and theft. After he was sentenced, Cook filed a motion to withdraw his pleas. The district court summarily denied the motion and Cook appeals to our court. Upon our review, we affirm in part, reverse in part, and remand with directions to conduct an evidentiary hearing on six specific claims asserted in Cook's motion.

FACTUAL AND PROCEDURAL BACKGROUND

In 2017, Cook was found guilty upon his pleas of no contest to burglary, a severity level 9 nonperson felony in violation of K.S.A. 2016 Supp. 21-5807(a)(3), (c)(1)(A)(ii), and theft, a class A misdemeanor, in violation of K.S.A. 2016 Supp. 21-5801(a)(1), (b)(4). Because Cook committed the new crimes while on probation in three prior criminal cases, those probations were revoked. The district court held a consolidated hearing for sentencing on the new convictions and disposition of the three probation violations.

With regard to sentencing, based on the State's calculation, the parties anticipated Cook's criminal history to be A, but the presentence investigation (PSI) report calculated Cook's criminal history score as C. Cook did not object to the district court calculating his sentences using the criminal history score of C.

The district court sentenced Cook to 11 months' imprisonment on the burglary conviction and 10 months on the theft conviction with the sentences to run concurrent with each other. The sentences were ordered to run consecutive to the sentences imposed as a result of the three probation revocations.

Five months after sentencing, Cook filed a postsentence motion to withdraw his pleas. In his motion, Cook alleged eight instances of ineffective assistance of counsel:

1. Before Cook signed the plea, his counsel informed him that his criminal history score was A. Cook's counsel did not inform him that a PSI needed to be completed. The PSI actually revealed Cook's criminal history score was C.
2. Cook's counsel disregarded his claim that he was innocent of the charge and manipulated him into taking a plea deal.

2

3. Cook's counsel violated Cook's Sixth Amendment right by ignoring his letters requesting to see the discovery evidence. Cook's counsel also told him that "'there's not much in this discovery.'"

4. Cook's counsel failed to show or provide him with body cam or dash cam footage to be used in his favor.

5. Cook's counsel had not discussed a defense with him or prepared for a jury trial.

6. Cook was unprepared for a jury trial due to his counsel's misconduct and failure to communicate with him about jury trial proceedings.

7. When Cook asked his counsel at the plea hearing about his counsel's failure to file a motion in limine and a motion to suppress, his counsel said, "If you feel like these motions need to be filed[,] go pro se.'"

8. Cook believed his counsel was working with the district attorney's office to assure a guilty verdict instead of preparing a defense.

In response to Cook's motion, the State filed a request for a subpoena directing Cook's counsel to attend an evidentiary hearing on Cook's motion. The State's motion asserted in part:

"6. Without information regarding the nature of the conversation and advice from counsel prior to entry of the plea the Court will lack information necessary to determine whether there is good cause to grant the motion.
"7. Given the nature of the attorney client relationship there is no alternative means to obtain the information needed for the motion hearing."

The district court granted the State's motion seeking a subpoena but before it held an evidentiary hearing it summarily denied Cook's motion. The district court held that Cook's first claim regarding the initially mistaken criminal history score did not raise any substantial issue of fact or law. With regard to the seven other claims of ineffectiveness,

3

the district court found they were "conclusory and/or failed to raise any substantial issue of fact or law."

Cook filed a timely notice of appeal.

SUMMARY DENIAL OF A POSTSENTENCE MOTION TO WITHDRAW PLEAS

On appeal, Cook challenges the district court's ruling that the eight claims of ineffective assistance of counsel were conclusory and failed to raise any substantial issue of fact or law. Cook states that his motion should be liberally construed because it was filed pro se. Cook notes that he asserted a claim of actual innocence and that his counsel manipulated him into entering a plea. Cook also justifies the lack of factual specificity in his motion because his counsel did not respond to his requests for discovery. Cook argues that the State's request for a subpoena for defense counsel indicates that the State believed an evidentiary hearing was warranted. Finally, Cook claims that if his counsel had handled the eight claims of ineffectiveness differently, he would not have entered pleas of not guilty but would have gone to jury trial.

The State defends the district court's ruling by emphasizing that Cook's claims lack specificity and detail and, as a result, there is no need for an evidentiary hearing. The State asserts that Cook has failed to provide any particulars regarding how his counsel manipulated him into entering a plea or how his counsel should have prepared for trial. With respect to Cook's first allegation, the State argues Cook cannot show prejudice and the rest of his claims are merely conclusory. Finally, the State argues that Cook stated on the record that he understood the plea agreement details, understood that he was waiving his jury trial rights, and stated that he was satisfied with his counsel's representation.

Our standard of review provides:

> "Summary denial of a postsentence plea withdrawal motion is reviewed de novo if there was no argument and evidentiary hearing. Summary disposition is appropriate if there is no substantial question of law or triable issue of fact and the files and records conclusively show the defendant is not entitled to relief on the motion. [Citations omitted.]" *State v. Kelly*, 298 Kan. 965, 969, 318 P.3d 987 (2014).

Under K.S.A. 2018 Supp. 22-3210(d)(2), a district court may set aside the judgment of conviction and permit the defendant to withdraw a plea after sentencing in order to correct manifest injustice. "Our courts have generally considered three factors in evaluating both pre- and post-sentencing motions to withdraw pleas: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made." *State v. Atteberry*, 44 Kan. App. 2d 478, 483, 239 P.3d 857 (2010).

On appeal, Cook claims he was not represented by competent counsel. Under these circumstances, Kansas law provides:

> "When a postsentence motion to withdraw a plea alleges ineffective assistance of counsel, the constitutional test for ineffective assistance must be met to establish manifest injustice. When deficient attorney performance is alleged, we perform the familiar two pronged *Strickland* [*v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),] analysis, determining: (1) whether the attorney's performance fell below an objective standard of reasonableness and (2) whether there is a reasonable probability that, but for the attorney's errors, the result of the proceeding would have been different. [Citations omitted.]" *Kelly*, 298 Kan. at 969.

When the attorney's conduct at issue precedes the guilty plea, "prejudice means a reasonable probability that, but for the deficient performance, the defendant would have insisted on going to trial instead of entering the plea." 298 Kan. at 970.

Applying the law to the facts of this case, we are persuaded that the district court did not err in summarily denying Cook's first claim relating to the mistaken criminal history score. First, while Cook asserts his counsel failed to inform him that a PSI would need to be completed, at the plea hearing the district court explicitly stated that a PSI would be ordered. Second, as the district court noted, Cook's lower criminal history score benefitted him because it granted him a lower overall sentence.

Third, as found by the district court, regardless of whether the score was A or C, there was no possibility of presumptive probation because, given the applicability of two special sentencing rules, the district court was required to sentence Cook to imprisonment. As set forth in the journal entry, these statutory rules mandated imprisonment because the burglary was committed while the defendant was on probation for a felony. Also, prior to the burglary conviction, Cook had committed two or more prior convictions for a violation of theft, burglary, or aggravated burglary.

Fourth, a mutual mistake about the defendant's criminal history at the time of the plea negotiations and the plea hearing is not an automatic basis for withdrawing a plea. See *State v. Schow*, 287 Kan. 529, 543, 197 P.3d 825 (2008). The State informed Cook's counsel that it anticipated a score of A. At time of sentencing, the prosecutor explained the basis for the mistake: "It was contemplated [Cook] would return as a Criminal History A in the plea agreement. But pursuant to the *State versus Keel* opinion, . . . he came back a Criminal History Score C and the State has no objection to that finding."

6

As our court noted in a factually similar case:

"We certainly acknowledge that Kansas' evolving standards on classifying prior out-of-state convictions has made it difficult for defense counsel to advise criminal defendants with certainty regarding how a particular prior conviction will be calculated as part of a criminal history score. See *State v. Weber*, 309 Kan. 1203, 442 P.3d 1044 (2019); *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018); *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015)." *State v. McGinley*, No. 119,781, 2019 WL 3850605, at *7 (Kan. App. 2019) (unpublished opinion).

Under the circumstances, the mistake by Cook's counsel was not prejudicial error.

In summary, we agree with the district court's conclusion that Cook "suffered no prejudice and has not received any ineffective assistance of counsel" as it relates to his first allegation of ineffectiveness. The district court did not err in summarily dismissing this claim.

Next, we also can find no error in the district court's summary dismissal of the eighth claim made in Cook's motion to withdraw pleas—that Cook believes his counsel was working with the district attorney's office to assure a guilty verdict instead of preparing a defense. A movant is required to state a factual basis in support of the allegations and conclusory statements are not enough: "Mere conclusions of the defendant are insufficient to raise a substantial issue of fact when no factual basis is alleged or appears in the record." *State v. Fritz*, 299 Kan. 153, 156, 321 P.3d 763 (2014). This claim is purely conclusory because Cook presents no facts to support the claim. The district court did not err in summarily dismissing it.

We will address the remaining six claims, numbered two through seven, collectively. We consider the bulk of these claims to have two common characteristics. First, the allegations are serious—disregard of defendant's assertions of innocence; failure

to adequately prepare the defense; failure to communicate with one's client; and failure to file necessary motions. Second, the allegations cannot be resolved without some evidentiary basis, in particular, testimony from Cook's attorney.

We are guided by Kansas Supreme Court precedent in *Bellamy v. State*, 285 Kan. 346, 357, 172 P.3d 10 (2007). In *Bellamy*, our Supreme Court ordered a district court to conduct an evidentiary hearing where Bellamy's allegations of attorney ineffectiveness involved conversations between him and defense counsel. In the similar context of a K.S.A. 60-1507 motion, Bellamy alleged his counsel influenced him to plead guilty and failed to advise him that his victim's capacity to consent to sexual intercourse could be determined by a jury. Moreover, Bellamy claimed this information would have resulted in his insisting that he have a jury trial. Our Supreme Court held that "[t]here are not sufficient facts in the record to establish what advice Bellamy received from his trial counsel prior to entering his guilty plea or how that advice influenced Bellamy's decision to plead guilty." 285 Kan. at 357. Thus, because the record did not provide sufficient evidence to conclusively establish what advice the defendant received from his counsel, an evidentiary hearing was required. 285 Kan. at 357.

Similar to *Bellamy*, in this case, claims two through seven directly implicate defense counsel's advice and counsel to Cook or defense counsel's conduct in representing the interests of Cook in matters of discovery, motion practice, and trial preparation. On this record, however, although these are matters that raise substantial questions of law or triable issues of fact, the files and records of the case simply do not conclusively show that the defendant is not entitled to relief. See *Kelly*, 298 Kan. 969. We are persuaded that an evidentiary hearing is necessary in order to determine the truth of the matters alleged in Cook's motion to withdraw pleas.

Finally, in order to warrant an evidentiary hearing on the motion, Cook must also allege prejudice as required under the second *Strickland* prong. See *Strickland v.*

*Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Here, Cook contends in his appellate brief, that had defense counsel represented him effectively, he would have insisted on going to trial. This assertion, while not especially informative, is minimally sufficient to meet the *Strickland* prejudice requirement under the circumstances of this particular case.

Affirmed in part, reversed in part, and remanded with directions to conduct an evidentiary hearing on claims two through seven in Cook's motion.