NOT DESIGNATED FOR PUBLICATION

No. 126,440

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JUSTIN M. FIELDS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY GOERING, judge. Submitted without oral argument. Opinion filed October 25, 2024. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ATCHESON, P.J., HURST and PICKERING, JJ.

PER CURIAM: In an evidentiary hearing, the Sedgwick County District Court denied Defendant Justin Markel Fields' motion alleging he had been inadequately represented on several probation violations that resulted in an order revoking his probation and requiring him to serve a 122-month prison sentence. Even if Fields' representation were constitutionally suspect, he has failed to show any prejudice undermining the fundamental fairness of the probation revocation proceeding. We, therefore, affirm the denial of his motion for habeas corpus relief under K.S.A. 60-1507.

1

In late 2014, Fields robbed a convenience store. About a year later, he pleaded guilty to robbery and to felony possession of marijuana as part of an agreement with the State. The district court sentenced Fields to serve a controlling prison term of 122 months with postrelease supervision for 36 months and, consistent with the agreement, placed him on probation for 36 months. Given Fields' criminal history, the sentence reflected a downward dispositional departure.

Over the next several years, the State filed three probation revocation warrants, the details of which are not directly relevant. At least in partial consideration of Fields' mental health issues, the district court imposed limited sanctions and extended the probation rather than revoking the probation and sending him to prison. The record indicates Fields has been diagnosed as being paranoid schizophrenic, so he takes (or is supposed to take) therapeutic medication.

The State filed a fourth warrant that initially alleged violations for failing to report and failing to attend a required medication appointment for his mental health drugs. The State later filed another warrant alleging Fields committed new crimes: aggravated battery, possession of marijuana, and obstructing a law enforcement officer all on one occasion and, on a second occasion, reckless driving, possession of drugs, misdemeanor theft, and interfering with a law enforcement officer. The district court appointed a public defender to represent Fields on the probation violations.

At the revocation hearing, the public defender informed the district court that Fields intended to stipulate to the violations. The district court went through a colloquy with Fields about the rights he was giving up, including an evidentiary hearing at which the State would have to prove the violation. Fields acknowledged the legal consequences of stipulating to the violations. The district court accepted the stipulation, found Fields

had violated his probation, and heard argument on the appropriate disposition. The State and Fields' probation officer recommended the district court revoke and order Fields to serve the underlying sentence. The public defender pointed out that Fields was a paranoid schizophrenic and was fearful of his probation officer so he didn't report as he should have. The lawyer asked the district court to again consider Fields' mental health issues. Fields also spoke at some length, essentially making the same points and asking for another chance. The transcript shows Fields made his personal plea to the district court coherently and with no signs of disordered perception or thinking.

The district court revoked Fields' probation, noting the new crimes. At that point, Fields interrupted the district court to explain that no criminal charges had been filed based on the incidents cited in the recent probation violation warrants. The district court agreed but explained that the revocation was based on Fields' stipulation to the violations. Pertinent to the arguments on appeal, Fields did not then say that he thought the district court would not consider them.

Fields filed a direct appeal from the probation revocation, and we affirmed the district court. *State v. Fields*, No. 122,969, 2021 WL 3578064, at *1 (Kan. App. 2021) (unpublished opinion). He then timely filed his 60-1507 motion alleging the public defender had inadequately represented him in the probation revocation hearing. The district court appointed another lawyer to represent Fields and set the motion for an evidentiary hearing.

At the hearing, Fields essentially testified that the public defender told him the criminal allegations would not be considered in the probation revocation because no charges had been filed. He said the lawyer assured him he would get an intermediate sanction or be put back on probation.

Conversely, the public defender testified that he explained to Fields that all of the allegations in both warrants would be considered. He said he suggested to Fields that it might be better for him to admit the violations, although his testimony was unclear why that would be a good strategy. The district court later filled in the blank by noting that a stipulation leaves the crimes as disembodied charges listed in the warrant, but if there were an evidentiary hearing, witnesses (likely including the victims) would testify, turning the crimes into a flesh and blood reality.

The public defender testified he met once with Fields in a secured video conference about a week before the revocation hearing—COVID protocols precluded in-person meetings with jail inmates. The lawyer said he went over the allegations in both warrants and the possible outcomes. He testified he told Fields the likely result would be revocation and a prison sentence. Initially, the lawyer testified he had reviewed the police reports about the criminal incidents identified in the warrants. But during the hearing, he could find nothing in the public defender office file confirming his assertion. The lawyer testified that he talked to Fields about the allegations and offered to request an evidentiary hearing. According to the lawyer, Fields was adamant he wanted to stipulate to the violations and reiterated that view when they spoke immediately before the probation hearing.

At the conclusion of the hearing, the district court credited the public defender's testimony over Fields' and denied the 60-1507 motion. Fields has appealed.

LEGAL ANALYSIS

When the district court conducts a full evidentiary hearing on a 60-1507 motion, we accept the district court's findings of fact to the extent they are supported with substantial competent evidence. Here, we, therefore, respect the district court's credibility

4

determination. But we exercise unlimited review of the controlling legal issues. *Bellamy v. State*, 285 Kan. 346, 355, 172 P.3d 10 (2007).

To prevail on his 60-1507 motion, Fields must show both that his legal representation "fell below an objective standard of reasonableness" guaranteed by the right to counsel in the Sixth Amendment to the United States Constitution and that absent the substandard lawyering there is "a reasonable probability" the outcome in the probation revocation hearing would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Phillips*, 312 Kan. 643, 676, 479 P.3d 176 (2021); *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014); see *Chamberlain v. State*, 236 Kan. 650, Syl. ¶¶ 3, 4, 694 P.2d 468 (1985) (adopting and stating *Strickland* test for ineffective assistance). Reasonable representation demands that degree of "skill and knowledge as will render the trial a reliable adversarial testing process." *Strickland*, 466 U.S. at 688. A reasonable probability of a different outcome "undermine[s] confidence" in the result and marks the disputed proceeding as fundamentally unfair. *Strickland*, 466 U.S. at 694. Fields, then, must prove both constitutionally inadequate representation and sufficient prejudice attributable to that representation materially calling into question the resulting probation revocation.

So, regardless of the inadequacy of legal representation, a 60-1507 motion fails if the movant cannot establish substantial prejudice. And the district court or a reviewing appellate court may properly deny a motion that falters on the prejudice component of the *Strickland* test without assessing the sufficiency of the representation. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); see *Edgar v. State*, 294 Kan. 828, 843-44, 283 P.3d 152 (2012); *Robinson v. State*, No. 122,089, 2022 WL 4112681, at *2 (Kan. App. 2022) (unpublished opinion). In other words, even assuming a criminal defendant's legal representation fell below the Sixth

5

Amendment standard, they are not entitled to habeas corpus relief if the result would have been no different with competent counsel.

In a lengthy and somewhat repetitive brief, Fields basically makes three arguments for reversing the district court's denial of his 60-1507 motion. We find them unpersuasive.

• On appeal, Fields contends that the public defender should have advised him he had nothing to lose by requesting an evidentiary hearing on the alleged probation violations and any other advice would have been constitutionally deficient. There may have been strategic considerations favoring stipulation, as the district court pointed out during the 60-1507 hearing. But the record is thin in establishing that the public defender sufficiently investigated the factual bases for the allegations in the probation violation warrants to justify a recommendation to stipulate to them as a reasoned strategy. Maybe the public defender did.

Rather than get bogged down on that aspect of the *Strickland* test, we turn to prejudice. Fields has not presented any evidence that someone else committed the crimes alleged in the warrants. That is, Fields has not claimed, let alone shown, that had there been an evidentiary hearing on the criminal charges, the district court likely would have found the State could not prove he committed some or all of them by a preponderance of the evidence. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006) (burden of proof in probation hearing). In short, Fields has never claimed he was innocent nor offered evidence casting doubt on his guilt. He has merely argued that no charges had been filed—a circumstance essentially irrelevant to whether he committed the criminal acts and thus violated his probation. This point lacks merit.

• Fields now says the public defender should have requested a competency hearing for him before proceeding on the alleged probation violations. But there doesn't appear to

6

have been any reason to do so. The public defender so testified at the hearing on the 60-1507 motion. As we have said, Fields personally addressed the district court during the probation revocation hearing at some length and in a manner that showed he understood the proceedings and could fashion a coherent plea for leniency. That's fairly compelling circumstantial evidence cutting against this point. Basically, Fields now argues that the decision to stipulate to the violations was so irrational as to suggest disordered thinking. Well, no, especially if Fields committed the crimes and knew the State likely could prove that he did. As to some of the allegations, the principal witnesses would have been law enforcement officers, who presumably would have been available and capable of providing sufficient evidence to establish the violations.

Moreover, Fields has failed to produce any affirmative evidence, such as testimony from a psychologist or psychiatrist, to suggest that he may have been less than competent at the time of the probation revocation. A diagnosis of paranoid schizophrenia alone is insufficient to show mental incompetence at a given time and place, particularly when the available evidence strongly suggests otherwise. *State v. Woods*, 301 Kan. 853, 861, 348 P.3d 583 (2015) (defendant "is not per se incompetent just because he was previously diagnosed with schizophrenia").

• Finally, Fields now contends the public defender did not sufficiently advocate for him by failing to stress his mental illness and his paranoid fear of his probation officer. But the record of the probation revocation hearing undercuts the assertion. The lawyer made precisely those points. And Fields reemphasized them in his statement to the district court. All of that, of course, begs the question of the multiple probation violations, including new crimes, the district court had to weigh in determining an appropriate disposition. The argument is factually and legally unavailing.

Having considered Fields' claims, we find no error in the district court's decision to deny his motion for 60-1507 relief.

Affirmed.