NOT DESIGNATED FOR PUBLICATION

No. 127,441

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TONY L. FOSTER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; JASON E. GEIER, judge. Submitted without oral argument. Opinion filed November 26, 2025. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Michael R. Serra*, deputy district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., COBLE and BOLTON FLEMING, JJ.

PER CURIAM: Tony Lee Foster appeals the district court's denial of his motion for habeas corpus relief under K.S.A. 60-1507. His motion asserted 12 grounds for relief largely related to trial counsel's alleged ineffectiveness. Addressing each ground separately and thoroughly, the district court summarily denied Foster's motion and denied his postjudgment motion to alter or amend the decision. He now appeals the district court's summary denial of his K.S.A. 60-1507 motion on six of the original bases found in his motion. Finding the district court adequately explained its reasoning, we affirm the district court's decision.

FACTUAL AND PROCEDURAL BACKGROUND

*Conviction and Direct Appeal*

The details of the underlying crime are thoroughly covered in this court's decision following Foster's direct appeal of his conviction in *State v. Foster*, 60 Kan. App. 2d 243, 243-46, 493 P.3d 283 (2021). To summarize, in July 2018, David Payne was shot and killed at the residence of Shannon Allison, Foster's then-girlfriend, in Topeka. Allison and another witness were both at the scene of the murder and initially told police they heard a shot but did not see the shooter. During further questioning, the second witness identified Foster as the shooter and Allison later corroborated those statements. Foster initially denied knowing Payne or being present at the scene, but he eventually admitted he was at Allison's residence. Foster maintained that he did not shoot Payne or possess a gun.

In 2019, a jury found Foster guilty of reckless murder in the second degree and criminal possession of a weapon. Foster was sentenced to a total of 213 months in prison with 36 months of postrelease supervision. Foster timely filed a direct appeal of his convictions, raising three claims.

First, Foster argued the district court violated his statutory right to a speedy trial when it continued his trial beyond the speedy trial deadline relying on the crowded docket exception. Second, Foster challenged the admission of his interrogation video, claiming it contained impermissible comments on his credibility. Reviving his pretrial objection from trial, Foster argued there was no way to save the video because the improper attack on Foster's credibility was present throughout the entire interview. Finally, Foster raised a constitutional challenge to the criminal possession of a weapon statute, K.S.A. 2020 Supp. 21-6304(a)(2).

2

Our court found that the district court properly invoked the crowded docket exception, finding the "crowded docket provision encompasses situations in which the court continues a trial for reasons unrelated to a crowded docket but cannot reschedule it within the speedy trial deadline because of the court's crowded docket." 60 Kan. App. 2d at 244. The court denied review of Foster's remaining arguments, finding he failed to preserve them for appellate review. 60 Kan. App. 2d at 244. But our court still found that the district court's admission of the interrogation video was not erroneous as the detective's demeanor was not unprofessional, distracting, or otherwise improper. 60 Kan. App. 2d at 253. Ultimately, this court affirmed Foster's convictions. 60 Kan. App. 2d at 244.

Foster's motion for review was denied by our Supreme Court on September 27, 2021. Foster also petitioned for a writ of certiorari to the United States Supreme Court, which the Court denied on October 11, 2022. *Foster v. Kansas*, 143 S. Ct. 321 (2022).

*Foster's K.S.A. 60-1507 Motion and the District Court's Summary Denial*

On January 3, 2023, Foster filed a timely habeas corpus motion under K.S.A. 60-1507. In his motion, he raised 12 separate grounds for relief:

"I.     The Petitioner was denied his Sixth Amendment right to effective assistance of counsel when his trial attorney . . . failed to pursue the only defense available, voluntary intoxication and argue to the jury the shooting of Mr. Payne was a tragic accident.

"II.    The Petitioner was denied his Sixth Amendment right to effective assistance of counsel when his trial attorney. . . improperly advised Petitioner on the merits of testifying in his own defense.

"III.   The Petitioner was denied his Sixth Amendment right to effective assistance of counsel when his trial attorney . . . failed to secure an expert witness to testify

3

that Petitioner was showing signs of the effects of his intoxication before, during and after the shooting.

"IV.   The Petitioner was denied his Sixth Amendment right to effective assistance of counsel when his trial attorney . . . was battling substance abuse, bi-polar depression and other issues, when he tried the case, which affected his performance before, during and after the trial.

"V.   The Petitioner was denied his Sixth Amendment right to effective assistance of counsel when his trial attorney . . . on order from Foster, failed to subpoena a jail house phone call from Petitioner to Ms. Allison that was exculpatory to his defense.

"VI.   The Petitioner was denied his Sixth Amendment right to effective assistance of counsel when his trial attorney . . . failed to communicate the facts of the case to the District Attorney and Petitioner[']s compromise plea deal.

"VII.   The Petitioner was denied Sixth Amendment right to effective assistance of counsel when trial attorney . . . failed to advise the merits of the states plea deal[.]

"VIII.   The Petitioner was denied his Sixth Amendment right to effective assistance of counsel when his trial attorney . . . failed to produce the testimony of Ms. Allison and other witnesses at Petitioners request, that would have refuted State[']s 60-455 evidence claims both in pretrial and at trial.

"IX.   The Petitioner was denied his Sixth Amendment right to effective assistance of counsel when his trial attorney . . . failed to object to the police interrogation video of Petitioner, that was noted by the Kansas Court of Appeals.

"X.   The Petitioner was denied his Sixth Amendment right to effective assistance of counsel when his trial attorney . . . failed to challenge the constitutionality of the Criminal Possession of a Firearms Statute as noted by the Kansas Court of Appeals.

4

"XI. The Petitioner was denied his Sixth Amendment right to effective assistance of counsel when his trial attorney . . . failed to produce his family for testimony, who were in the courtroom, for mitigating evidence for the sentencing phase.

"XII. The Petitioner was denied his Sixth Amendment right to effective assistance of counsel by the [cumulative] effects of the errors and omissions made by trial counsel."

In support of his claims, Foster filed an unsworn affidavit detailing his accusations of his trial counsel's ineffectiveness and a "partial memorandum of law" presenting his arguments for only issues 1 and 2 of the asserted grounds for relief.

About a month later, the district court issued a memorandum decision and order summarily denying Foster's K.S.A. 60-1507 motion. The district court issued comprehensive conclusions of law, delineating its reasoning for each of the 12 grounds for relief that Foster raised, finding:

1. Foster's counsel was not ineffective because voluntary intoxication is not a defense to Foster's crime of conviction and pursuing it would not have affected the outcome of the jury trial.

2. Trial counsel's advice about not testifying at trial was not deficient since the outcome of the trial would not have been affected.

3. Trial counsel was not ineffective for failing to secure an expert witness to show Foster was intoxicated. The district court again reiterated that because voluntary intoxication is not a defense to Foster's crime of conviction, he could not show how the expert's testimony would have impacted the result of his trial.

5

4. No evidence supported Foster's claim that his trial counsel was under the influence of drugs and had mental health issues, and Foster failed to specify what particular conduct of his trial counsel had a detrimental effect on his trial.

5. Foster's trial counsel was not deficient for failing to subpoena a recording of a phone call Foster made to Allison from the jail because Allison had testified according to what he claimed the recording would have shown, and there was no reasonable probability that the outcome of the jury trial would have been different even if the phone call were admitted into evidence.

6. Foster failed to specify the facts in the compromise plea deal and show the prosecution was even willing to accept the deal, and Foster's argument on this claim was conclusory, speculative, and inadequate.

7. The record and Foster's own affidavit showed Foster was sufficiently aware of the plea deal, he rejected the offer to seek a better deal, and he failed to allege that he would have taken the deal if his counsel fully advised him of it.

8. Foster's claim that his trial counsel was ineffective for failing to produce testimony of Allison and other witnesses was meritless and conclusory, and any evidence to rebut the State's K.S.A. 60-455 evidence showing specific intent and motive would not have affected the outcome of the trial because he was not convicted of a charge requiring intent.

9. Foster's claim that his trial counsel was ineffective for failing to object to the police interrogation videos failed in part because Foster tried to relitigate an issue previously raised and this is barred by res judicata. But even so, on the argument's merits, the record shows his trial counsel made specific and general objections to the police interrogation videos, and because Foster did not

6

explain what other specific objections he believed counsel should have raised, even if counsel were deficient, it would not have affected the trial outcome.

10. Foster's constitutional challenge to the criminal possession of a weapon statute was conclusory and unsupported by the evidence because he did not articulate how the statute was unconstitutional and, more importantly, his conviction was found constitutional and upheld by our court.

11. Foster's ineffective assistance claim for counsel not calling his family for mitigating testimony lacked merit because he failed to proffer which family members would have testified, the details of their testimony, and how it would have provided substantial and compelling reasons to mitigate Foster's sentence, plus the family members were present in court during sentencing but chose not to address the court.

12. Finding no errors, there were no errors to cumulate.

In its memorandum decision, the district court also denied Foster's request for discovery on his trial counsel's email correspondence with the district attorney's office and the disciplinary files pertaining to his trial counsel. The court found that civil discovery was not permitted in a K.S.A. 60-1507 proceeding and Foster's discovery request was tantamount to a fishing expedition. Additionally, the district court opined that—despite addressing his claims on their merits—Foster failed to comply with paragraph 11 of the K.S.A. 60-1507 motion form, which reads: "State concisely and in the same order the facts which support each of the grounds set out in (10), and the names and addresses of the witnesses or other evidence upon which you intend to rely to prove such facts[.]" The court found that Foster's motion failed to substantially comply with the form and must fail, even when liberally construing the pro se motion.

7

Foster then timely filed a motion to amend the judgment under K.S.A. 60-259. He argued that the district court should have ordered a status hearing for live testimony to explain his allegations. In his motion, Foster claimed the district court erred in denying his K.S.A. 60-1507 motion and supplemented his original arguments for each ground with new assertions which were absent from his initial pro se motion. He also argued that discovery should have been granted to allow appointment of counsel to assist in gathering evidence to prove his trial counsel was ineffective. Foster also claimed his motion complied with Supreme Court Rule 183 (2025 Kan. S. Ct. R. at 236) and since he was well within the one-year statutory deadline to file a K.S.A. 60-1507 motion, he should have been provided more time to investigate and amend his motion. Additionally, Foster included in an appendix to his motion containing several orders, motions, and subpoenas duces tecum from an unrelated case without explanation about how they applied to this case.

About a month later, the district court denied Foster's motion to alter or amend judgment on his K.S.A. 60-1507 motion. The court held Foster's arguments were conclusory, not supported by the record, and lacked merit. The court explained that a motion to alter or amend is not a vehicle to allow a second chance to correct a flaw or relitigate an issue. Even so, the court again individually addressed and rejected each of Foster's 12 grounds for relief. Finding that Foster failed to support his argument with pertinent law or authority, the court also discharged Foster's argument that he should have been provided with more time to investigate and amend his motion because it was still within the one-year deadline. And, because Foster cited the entire record and generally to the transcripts of the trial, the court maintained that Foster failed to comply with paragraph 11 of the K.S.A. 60-1507 motion form and Supreme Court Rule 183, which required concisely stated facts to support his grounds for relief. Finally, the court declined to consider the uncertified court documents from an unrelated case, finding they had no bearing on Foster's case and were not binding precedent on the court's decision.

Foster timely appeals the denial of his K.S.A. 60-1507 motion.

## THE DISTRICT COURT DID NOT ERR BY DENYING FOSTER'S K.S.A. 60-1507 MOTION

The sole issue Foster raises on appeal is his claim that the district court erred by summarily denying his K.S.A. 60-1507 motion and that it should have granted him an evidentiary hearing. But comprising this single issue are six ineffective assistance claims against his trial counsel.

*Applicable Legal Principles*

A district court facing a K.S.A. 60-1507 motion has three options:

> "'"(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing."' [Citations omitted.]" *State v. Adams*, 311 Kan. 569, 578, 465 P.3d 176 (2020).

As here, when the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). This court owes no deference to the district court. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007).

The movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must

be evident from the record. *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019). If this showing is made, the court must hold a hearing unless the motion is a second or successive motion seeking similar relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). In other words, the district court shall hold an evidentiary hearing on a K.S.A. 60-1507 motion, unless the motion, files, and records conclusively show the movant is not entitled to relief. K.S.A. 2022 Supp. 60-1507(b); Supreme Court Rule 183(f) and (j) (2025 Kan. S. Ct. R. at 237).

*Analyzing Foster's Ineffective Assistance of Counsel Claims*

Foster contends that the district court erred by summarily denying his motion because it failed to follow procedure under K.S.A. 60-1507 and provide an evidentiary hearing based on the ineffective assistance of counsel claims asserted in his original motion. Foster argues that his claims raised substantial issues of fact, and he set out a factual basis for several of his claims in separate briefs. Yet in his appellate brief, Foster does not pursue all 12 grounds he argued in his K.S.A. 60-1507 motion. Specifically, the only grounds he argues on appeal and which are now properly before this court for review are six of his ineffective assistance of counsel claims: (1) trial counsel failed to pursue the voluntary intoxication defense, (2) trial counsel improperly advised Foster not to testify, (3) trial counsel had substance abuse and mental health issues, (4) trial counsel failed to communicate the compromise plea deal, (5) trial counsel failed to object to the police interrogation videos, and (6) trial counsel failed to produce mitigating testimony from Foster's family members at his sentencing hearing.

The remaining grounds from his original K.S.A. 60-1507 motion are deemed abandoned or waived as Foster does not argue or even mention them on appeal. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021). As a result, we only consider whether Foster was entitled to relief on the six claims contained in his appellate brief.

*Standards for Reviewing Claims of Ineffective Assistance of Counsel in K.S.A. 60-1507 Claims*

To prevail on a claim of ineffective assistance of trial counsel, a criminal defendant must establish both (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) that the deficient performance prejudiced the defendant. *Sola-Morales*, 300 Kan. at 882 (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]).

Generally, to demonstrate deficient performance under the first prong, "'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" *Khalil-Alsalaami v. State*, 313 Kan. 472, 485, 486 P.3d 1216 (2021) (quoting *Strickland*, 466 U.S. at 688). Then, the second prong of the *Strickland* analysis requires the defendant to establish that defense counsel's deficient performance was prejudicial. "'"To show prejudice, the defendant must show a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" [Citations omitted.]" *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015). "'A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury.'" *Khalil-Alsalaami,* 313 Kan. at 486 (quoting *Edgar v. State*, 294 Kan. 828, 838, 283 P.3d 152 [2012]).

*District Court's Decision Adequately Explained Its Denial*

Turning to the merits of Foster's preserved arguments, we have reviewed the district court's comprehensive Memorandum Decision and Order denying Foster's K.S.A. 60-1507 motion. On every individual issue, the district court thoroughly examined the motion, files, and records of the case, and determined Foster was entitled to no relief. In its analysis, the district court reviewed each of Foster's six claims of ineffective assistance of counsel which remain on appeal, and decided each claim either failed the

first or the second prong of the *Strickland* framework. That is, either Foster failed to support his claim with an evidentiary basis that his trial counsel's performance was deficient or even if counsel's performance was ineffective, there was no reasonable probability that the jury would have reached a different verdict. We find that Foster fails to meet his burden to show he was entitled to an evidentiary hearing, and we find no error in the district court's conclusions. See Supreme Court Rule 7.042(b)(5) (2025 Kan. S. Ct. R. at 49) (the opinion or findings of fact and conclusions of law of the district court adequately explain the decision).

We do find a couple of instances where the district court's initial analysis was flawed, but these potential errors do not lessen the court's ultimate conclusions on the merits of Foster's claims. First, we note concern with the district court's examination of a potential voluntary intoxication defense. Although the district court found contrarily, we observe that voluntary intoxication would have been a valid defense for the original charge of intentional murder in the second degree, so not pursuing the defense could have been an unreasonable decision by trial counsel. Even so, Foster fails to explain how the suggested defense would have led to a different outcome from his conviction of reckless murder in the second degree. Foster only makes a conclusory statement that the jury could have possibly acquitted him of all charges, and a conclusory statement does not meet his burden.

In addition to this analysis, we must remark on another concern with the district court's reasoning on the issue of the interrogation video, as res judicata does not apply. The doctrine of res judicata applies to K.S.A. 60-1507 movants who try to raise issues which have been previously resolved by a final appellate court. *Drach v. Bruce*, 281 Kan. 1058, Syl. ¶ 14, 136 P.3d 390 (2006). Yet our court's earlier decision on Foster's direct appeal specifically considered the admission of evidence, not the effectiveness of his trial counsel. *Foster*, 60 Kan. App. 2d at 250-53. But even if the district court's analysis on the issue of res judicata was inaccurate, the district court still went on to address the merits of

12

this argument and found Foster's claim conclusory. Given the district court's analysis of the merits, we agree with its conclusion.

Foster raised three other issues we find bear mentioning. First, he claims the district court erred by not ordering the State to respond to his K.S.A. 60-1507 motion. We find this argument is inadequately briefed and may be deemed waived due to inadequate briefing. *Davis*, 313 Kan. at 248. Even so, there is no requirement that the State respond, and this claim provides no basis for relief. See *Pabst v. State*, 287 Kan. 1, 24, 192 P.3d 630 (2008).

Second, as to his claims regarding a lack of mitigating testimony at sentencing, Foster claims the district court ignored or dismissed his proffer of the record of his conversations with trial counsel, and his mother's records of those conversations, attached as appendices to his original motion. He argues that the district court should have convened a hearing to determine if his mother would testify. But his mother's affidavit was unsworn and unverified; and even so, considering the affidavit and this argument on its merits, the affidavit does not specifically support the claim for which Foster presented it. He contends his family should have been called to testify at his sentencing hearing, yet the affidavit does not mention the sentencing hearing, aside from being unhappy with Foster admitting the shooting. The affidavit does not mention family testimony, which was the basis of Foster's claim, and his contention that the district court ignored his proffer of the affidavit is unpersuasive.

Finally, Foster argues that the district court erred by not allowing him to conduct discovery. But a K.S.A. 60-1507 proceeding is not an opportunity for a fishing expedition in the hopes that the movant "might catch a fact that could lead to something favorable." *Stewart v. State*, 310 Kan. 39, 54, 444 P.3d 955 (2019). We find no error in the district court's denial of discovery.

13

For these reasons, and because the district court thoroughly and adequately examined each claim on its merits, we affirm the district court's denial of Foster's K.S.A. 60-1507 motion.

Affirmed.